## Richmond

### KATICA ADAMS v. COMMONWEALTH OF VIRGINIA.

October 14, 1974.

Record No. 731076.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harmon and Poff, JJ.

*Murray J. Janus; Fred A. Talbot (Bremner, Byrne & Baber,* on brief), for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The question for decision in this case concerns the sufficiency of evidence required to sustain a conviction under Code § 18.1-194, which relates to prostitution. The Code section reads as follows:

> "*Any person who, for money or its equivalent,* commits adultery or fornication, or *offers to commit adultery or fornication and thereafter does any substantial act in furtherance thereof,* shall be *guilty of being a prostitute, or prostitution,* which shall be a misdemeanor." (Emphasis added.)

Only the italicized language of the statute is in issue here; there is no contention that any act of adultery or fornication occurred. So we confine our inquiry to the "offer" and "substantial act" requirements of the statute.

The evidence shows that on the evening of June 22, 1973, Detective M. K. Liles, Jr., acting in an undercover capacity,

visited the Joy Massage Parlor in the City of Richmond. Liles was met by the defendant, Katica Adams, who informed him that he could secure a thirty-minute massage for fifteen dollars. He gave the defendant a fifty-dollar bill and received thirty-five dollars in change. Upon instructions from the defendant, Liles disrobed, showered, and entered a small room.

Moments later, the defendant joined Liles in the room. She told him to lie face down on a table and informed him there were "extras" available with the massage. When Liles expressed interest, the defendant enumerated the "extras," quoting prices for various services and finally stating that if they "went all the way" the fee would be fifty dollars.

Liles asked the defendant if this latter proposal meant to "have sex." She replied, "Yes." When he stated that he had only thirty-five dollars, she agreed to accept that amount. Protesting that the price was "still too high," which appeared to anger the defendant, Liles asked if he could return the next night when he would have more money. She said, "All right."

The defendant then proceeded to give Liles a full thirty-minute massage. She remained fully clothed and neither performed nor participated in any sexual act.

At the conclusion of the massage, the defendant told Liles, "If you have enough money to afford me, and can afford me, come back." Liles then departed.

Several days later, the defendant was arrested for the incident involving Liles, her arrest warrant charging that she was a prostitute in violation of Code § 18.1-194. Following her conviction in the court not of record, she appealed to the circuit court. Upon her conviction and sentence in the circuit court, she sought and was awarded a writ of error.

We are of opinion that the evidence is not sufficient to sustain the conviction of the defendant. Where, as here, no act of adultery or fornication has occurred, a conviction can be sustained only if the evidence shows an attempt to commit prostitution. Attempted prostitution, unlike attempts to commit crimes generally, is defined solely by Code § 18.1-194 and, as so defined, is incorporated within the offense of prostitution itself. An attempt to commit prostitution requires an offer to engage in sexual intercourse for pay and a *substantial* act performed in furtherance of the offer. In this case, the evidence shows only

the required offer. Proof of the equally essential substantial act is completely lacking. Accordingly, the judgment of the trial court will be reversed and the proceeding dismissed.

*Reversed and dismissed.*