**Norfolk**

MARION MCFADDEN

v.

COMMONWEALTH OF VIRGINIA

No. 0470-85

Decided October 7, 1986

COUNSEL

Thomas W. Moss, Jr. (Charles E. Sizemore, Jr.; Moss, Sizemore & Callahan, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

HODGES, J. — Marion McFadden appeals her conviction in the Circuit Court of the City of Norfolk for attempted oral sodomy. Prior to that conviction she was found guilty by the General District Court of the City of Norfolk of prostitution, and claims that her right to be free from being twice placed in jeopardy for the same crime was violated. She was convicted of prostitution under Norfolk City Ordinance § 29-23[1] while her subsequent conviction was based upon Code §§ 18.2-361[2] and 18.2-26[3]. Both parties agree that the two convictions were based on a single incident.

The only witness for the Commonwealth was Officer Brent Boone of the Norfolk Police Department's vice and narcotics squad, who testified that on the date of the offense he was assigned to downtown Norfolk. On the night of May 12, 1984, he was working near the intersection of Virginia Beach Boulevard

---

[1] Norfolk Code § 29-23 (1979) reads as follows: Prostitution generally.

Any person who, for money or its equivalent, commits adultery or fornication, or offers to commit adultery or fornication and thereafter does any substantial act in furtherance thereof, shall be guilty of being a prostitute, or prostitution, which shall be a class 1 misdemeanor.

State law reference—Similar provisions. Code of Virginia, § 18.2-346.

[2] Code § 18.2-361 reads in pertinent part:

If any person shall carnally know . . . any male or female person . . . by or with the mouth . . . he or she shall be guilty of a class 6 felony.

[3] Code § 18.2-26 reads in pertinent part:

Every person who attempts to commit an offense which is a noncapital felony shall be punished as follows:

* * * *

(3) If the felony attempted is punishable by a maximum punishment of less than twenty years' imprisonment, an attempt thereat shall be punishable as a class 6 felony.

and Church Street. When he stopped his vehicle at the intersection, the defendant approached his car and asked him if he was "dating," which Boone said was the term used to inquire whether a person was available for sex. When he said he was, she asked how much he wanted to spend and he told her $40.00. The defendant then entered the vehicle, directed him to a different intersection, and said she wanted to find a cool place for a "f . . k and a s . . k." After the officer stopped his car and gave the defendant $40.00, she put her hand in his genital region and attempted to put her mouth on his penis. Officer Boone excused himself and got out of the car. Shortly thereafter other officers of the vice squad arrived at the scene and arrested the defendant.

McFadden was convicted of prostitution under the Norfolk City Code[4] and of attempted oral sodomy under the state statute. She raises two arguments to support her contention that the second prosecution was barred: (1) that when the General Assembly of Virginia amended Code § 18.2-346 in 1980 to include within its proscription an act of sodomy for money, it evidenced its intent that a person guilty of prostitution based upon an act of sodomy should only be prosecuted for a misdemeanor offense and not a felony; and (2) that her conviction for prostitution barred her subsequent prosecution for attempted oral sodomy because the same evidence was used to convict her on that charge as on the prostitution charge[5]. We believe the dispositive question is whether the General Assembly, by its amendment of the prostitution statute, precluded prosecution under the general statutory scheme under which attempts to commit felonies are prosecuted. Finding that it has, we reverse the appellant's conviction.

The appellant argues that the General Assembly's amendment in 1980 of Code § 18.2-346 excepted her actions from the general statutory scheme embodied in Code § 18.2-26, and that the Commonwealth was therefore precluded from prosecuting her for any

[4] At the time of McFadden's arrest, the Norfolk Ordinance concerning prostitution referred to the state statute regarding prostitution. However, the city ordinance was not amended when the state statute was amended to reflect the addition of crimes against nature to the offenses which could be prosecuted under the state prostitution statute.

[5] The appellant's third contention is that the second conviction is barred by the proscription in Code § 19.2-294. However, this argument was not raised in the circuit court and we cannot address it for the first time on appeal. Rule 5A:18; *see Hubbard v. Commonwealth*, 207 Va. 673, 678, 152 S.E.2d 250, 253 (1967) (discussing Code § 19.1-259, statutory equivalent to current Code § 19.2-294).

greater offense than prostitution, which is a misdemeanor.

The Commonwealth's response is that it has the discretion to prosecute under either a felony or misdemeanor statute when a criminal act violates both and that, while the prosecution in general district court had to prove that the defendant offered to engage in fornication for money, or its equivalent, there was no need to prove the monetary element to convict her for attempted oral sodomy. Therefore, the second prosecution was not barred by double jeopardy considerations. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

We agree with the Commonwealth that the two statutes the defendant was convicted under would pass the double jeopardy test set forth in *Blockburger*. However, the dispositive issue is not one of double jeopardy but whether the General Assembly precluded the state from prosecuting the defendant for the felony of attempted oral sodomy for money under Code § 18.2-26.

In 1974, the Supreme Court of Virginia addressed the prostitution statute as it then existed and interpreted the language used therein. *Adams v. Commonwealth*, 215 Va. 257, 208 S.E.2d 742 (1974). The court said:

> Attempted prostitution, unlike attempts to commit crimes generally, is defined solely by Code § 18.1-194[6] and, as so defined, is incorporated within the offense of prostitution itself. An attempt to commit prostitution requires an offer to engage in sexual intercourse for pay and a *substantial* act performed in furtherance of the offer.

*Id.* at 258, 208 S.E.2d at 743-44.

---

[6] Code § 18.1-194, since repealed, reads as follows:

"Any person who, for money or its equivalent, commits adultery or fornication, or offers to commit adultery or fornication and thereafter does any substantial act in furtherance thereof, shall be guilty of being a prostitute, or prostitution, which shall be a misdemeanor."

The present prostitution statute is nearly identical except for the 1980 amendment which added crimes against nature to the acts upon which a prostitution prosecution could be brought. It should also be noted that while the General Assembly recodified § 18.1-1 et seq. as § 18.2-1 et seq., the prostitution statute's language was not affected. The recodification came the year after the Supreme Court's interpretation in *Adams*.

■ The amendment of the prostitution statute to include acts of, or offers to commit, crimes against nature for money did not affect the interpretation the Supreme Court gave the statutory language; adding crimes against nature to the prostitution statute removed such acts or offers to commit such acts for money or its equivalent from the general statutory scheme under which attempts to commit crimes may be generally prosecuted. We agree with the appellant that she could not have been indicted, tried and convicted for attempted oral sodomy under Code §§ 18.2-26 and 18.2-361. We cannot agree with the Commonwealth's contention that the determination whether to prosecute the defendant for the felony of attempted oral sodomy or the misdemeanor of prostitution was at the discretion of the prosecution since the General Assembly effectively removed her actions from the sodomy statute. Further, we reject the notion that the prosecution for attempted oral sodomy was proper since no proof of the financial aspect of the defendant's offer to Officer Boone was required. We cannot ignore the totality of the evidence in order to split the transaction into two crimes. Officer Boone testified to the entire incident and the offer made by the defendant encompassed an offer to commit acts which the Code of Virginia defines as acts of prostitution.

■ "[W]here the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein." *Burns v. Board of Supervisors*, 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984); *see Jones Construction Co. v. Martin,* 198 Va. 370, 378, 94 S.E.2d 202, 207-08 (1956); *Seymour v. Richardson*, 194 Va. 709, 714, 75 S.E.2d 77, 80 (1953). While we find it difficult to perceive the General Assembly's purpose in making an act or offer to commit a crime against nature for remuneration punishable as a misdemeanor while making the same act punishable as a felony where no money is involved, the determination of appropriate punishment for specific crimes is a duty relegated to it. We cannot say that the language of Code § 18.2-346 is ambiguous when considered in conjunction with the interpretation given it in *Adams*, and we are compelled under the circumstances to reverse and dismiss the appellant's conviction.

*Reversed and dismissed.*

Keenan, J., and Benton, J., concurred.