## Salem

KENNETH ALLEN HARRISON

v.

COMMONWEALTH OF VIRGINIA

No. 1934-89-3

Decided June 4, 1991

582

COUNSEL

R. Keith Neely, for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**MOON, J.**—We reverse Kenneth Allen Harrison's conviction of possession of cocaine, amphetamine, and psilocybin with the intent to distribute because the trial court erred in refusing to give a jury instruction on the lesser-included offense of possession of the drugs.

On February 17, 1989, officers executed a search warrant at a residence in Chilhowie, Smyth County, Virginia. The officers knocked on the door and, receiving no response, forced it open. Once inside, the officers found the appellant, Kenneth Allen Harrison, undressed and walking out of the bedroom. In the bedroom, the officers found Ms. Mary Frances McAllister. In the house, they found a large amount of drugs and drug paraphernalia, most of which was located in the kitchen and bedroom. The search produced a plastic bag with 43.49 grams of cocaine, another plastic bag with 45.28 grams of amphetamine, a plastic bag with .98 grams of psilocybin, three individual bags with 10.54 grams of cocaine, and a large plastic bag containing 13 individually wrapped quantities of cocaine with a total mass of 44.19 grams. Each of the individual packages of cocaine contained approximately 3.5 gram quantities known as "eightballs." Officers also seized a set of triple beam weighing scales, 50 hypodermic syringes, four sifting devices, a plastic bag of bag corners, a box of baggies and bag ties, hydrocloride, razor blades and rubber tub-

ing. Cash was found in the amounts of $1,290 and $82, along with a checkbook and other personal papers of the appellant.

Testimony indicated that the cocaine's street value was between $1,200 to $2,000 an ounce, with a similar value for the amphetamine. An officer further testified that much of the cocaine had a purity of eighty-three percent which is considerably higher than the twenty to twenty-five percent generally found on the street.

The police, while executing the warrant, made a videotape of their activities. In a portion of the tape, Ms. McAllister claimed that all the drugs were hers, that none belonged to the appellant, and that she had taken the drugs from her estranged husband. At trial, Ms. McAllister retracted these statements. She stated the drugs were the appellant's and that she had accompanied the appellant on occasions when he had sold drugs. Her reasons for lying initially, she said, were that the appellant had given her a place to live and provided for the support of herself and her two year old daughter. She explained that her husband had been abusive to her and that she was hiding from him. Further, Ms. McAllister testified that she was a drug addict and that the appellant provided her with free drugs, for which she acted as his mistress. At trial, she stated that she and the appellant had the understanding that if they were ever arrested, she would claim the drugs as hers because she would be likely to receive a lesser sentence than the appellant.

The appellant asserts that it was error for the trial judge to refuse to instruct the jury on the lesser-included offenses of possession of cocaine, amphetamines and psilocybin. "If there is any evidence that would support a conviction for the lesser-included offense, the trial court must, upon the request of counsel, instruct the jury as to the lesser-included offense. . . . An instruction, however, must be based on more than a scintilla of evidence." *Miller v. Commonwealth*, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987) (citations omitted). The Commonwealth asserts that the quantity and packaging of the drugs are inconsistent with mere personal use and unquestionably establish intent to distribute.

However, there was evidence from which a jury could have inferred that Ms. McAllister was the owner of the drugs and that she alone had the intent to distribute them. This evidence took the form of the statements she made to the officers executing the

search warrant at the time of the search. The jury was not required to believe her exculpatory and self-serving in-court testimony which was inconsistent with her prior statements. *Mullis v. Commonwealth*, 3 Va. App. 564, 571, 351 S.E.2d 919, 923 (1987) (citing *Zirkle v. Commonwealth*, 189 Va. 862, 870, 55 S.E.2d 24, 29 (1949)). Ms. McAllister had a plea agreement with the Commonwealth in which she agreed to plead guilty to four crimes (these crimes included possession of drugs with intent to distribute) in return for which the Commonwealth would recommend that she receive concurrent sentences of no more than ten years. Therefore, there was evidence from which the jury could have found that the drugs were owned by Ms. McAllister, evidence that created a reasonable doubt that they belonged to the appellant.

Under the circumstances of the case, irrespective of the evidence indicating that someone possessed the drugs with the intent to distribute, appellant's shared constructive possession of the drugs does not necessarily establish his shared intent to distribute them. The jury could have believed that the drugs belonged to Ms. McAllister and she alone intended to distribute them.

In *Gillis v. Commonwealth*, 215 Va. 298, 208 S.E.2d 768 (1974), the defendant jointly occupied an apartment with another man. Upon execution of a search warrant, the police found a large "hash pipe" containing marijuana which the "defendant acknowledged . . . was in open view on the living room table." *Id.* at 300, 208 S.E.2d at 770. Gillis testified that the pipe was the property of the other tenant and asserted that the evidence showed no more than joint occupancy. The Supreme Court affirmed Gillis' conviction for possession of marijuana, recognizing that while mere occupancy raises no presumption of possession it is a circumstance that may be considered. The Court emphasized Gillis' admission that the hash pipe was kept in an area jointly shared by Gillis with his co-tenant. Gillis' own testimony indicated that he not only lived in the apartment but was present prior to and during the execution of the search warrant. Under these circumstances, the evidence was sufficient to show that Gillis "was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." *Id.* at 301, 208 S.E.2d at 771. Possession need be neither exclusive nor actual; it is sufficient "that the controlled substance involved was subject to [the defendant's] dominion or control." *Id.* at 302, 208 S.E.2d at

771. Thus, a person may constructively possess drugs owned by another. We hold that, under certain circumstances, one party in possession of controlled substances may intend to distribute them, while another person who constructively possesses the same substances because they are subject to his dominion and control may not share the intent to distribute the substances.

Here, Ms. McAllister testified that the appellant did not live with her but he visited regularly, sometimes "every day." Ms. McAllister testified that she was the appellant's mistress and that he rented and paid the expenses of the residence. A considerable portion of the drugs and drug paraphernalia found during the search were openly displayed. From this evidence, a jury could properly convict the appellant of possession of drugs, finding that he was aware of the presence and character of the drugs and exercised dominion and control over them.

While the jury could have concluded that the appellant tolerated the presence of the drugs in the apartment and thus constructively shared Ms. McAllister's possession, the jury could also have had a reasonable doubt as to whether appellant shared Ms. McAllister's intent to distribute. Therefore, we find that the evidence supporting a theory of simple possession by the appellant is "more than a scintilla" and, thus, failure to grant the instruction was error. *Miller*, 5 Va. App. at 24, 359 S.E.2d at 842.

The appellant, prior to trial, asked for a continuance, contending that he anticipated that Ms. McAllister would exercise her fifth amendment privilege and not testify. The appellant's counsel argued that the prosecution failed to comply with discovery requests by not giving him all of Ms. McAllister's statements which might prove exculpatory.

Just before the trial commenced, the Commonwealth's attorney offered as an excuse for his failure to provide the defendant with all exculpatory statements made by Ms. McAllister, that he had not talked to the police officers. This is no excuse; the Commonwealth is not relieved of the discovery responsibilities because it fails to make reasonable inquiry of the police concerning the evidence it will use to prove the case. The Commonwealth is charged with the responsibility to interview all government personnel involved in a case in order to comply with its discovery obligations. *See Fitzgerald v. Bass*, 6 Va. App. 38, 52, 366 S.E.2d

615, 623 (1988), *cert. denied*, 493 U.S. 945 (1989).

Because we have reversed this conviction on other grounds, we do not decide whether the trial judge erred in not granting a continuance. We observe, however, that when the Commonwealth fails to comply with a discovery order, continuance is not always the necessary or proper remedy or sanction. There are other sanctions available to the court, including disciplinary action, for failure to comply with a discovery order.

*Reversed.*

Koontz, C.J., and Barrow, J., concurred.