## Alexandria
## CHARLES K. SMITH, JR.
### v.
## COMMONWEALTH OF VIRGINIA
No. 0259-92-4

Decided September 7, 1993

COUNSEL

Roger A. Inger, for appellant.

Katherine B. Toone, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from his conviction of violating Code § 46.2-605, Charles K. Smith, Jr., contends that the trial court erred in refusing an instruction permitting the jury to find him guilty of a traffic infraction under Code § 46.2-613(2) either (1) as a lesser-included offense, or (2) as a "substantially charged" lesser offense pursuant to Rule 3A:17. We find no error and affirm the judgment of the trial court.

On June 17, 1991, Virginia State Trooper Davis stopped Smith, who was driving a tractor trailer on Virginia Route 29. Smith produced a registration card that had been altered. When Trooper Davis asked who had altered the card, Smith replied that he was going to take responsibility for changing the card and that he had done it. Trooper Davis charged Smith with violating Code § 46.2-605. A jury found Smith guilty as charged.

Code § 46.2-605 provides, in pertinent part:

Any person who . . . (iv) holds or uses any certificate, registration card, or assignment, knowing the same to have been altered, forged, or falsified, shall be guilty of a Class 6 felony.

Code § 46.2-613 provides, in pertinent part:

No person shall:

. . .

2. Display . . . or have in possession any registration card . . . which he knows is fictitious or which he knows has been canceled, revoked, suspended, or altered.

The violation of Code § 46.2-613 is a traffic infraction.

Smith tendered an instruction that would have permitted the jury to find him guilty of violating Code § 46.2-613(2). He argued that this

statute defined a lesser offense included within Code § 46.2-605 or, alternatively, that the charge specified under Code § 46.2-605 substantially charged a violation of Code § 46.2-613(2), and his conviction of the lesser offense was authorized by Rule 3A:17. Refusing this proffered instruction, the trial court held that the two Code sections defined the same offense, that neither was included within the other, that the choice of the offense charged was a matter of prosecutorial discretion, and that the issue on trial was simply whether the offense charged had been proven.

## I. *LESSER INCLUDED OFFENSE*

■ An accused on trial before a jury is entitled to instructions permitting the jury to convict him of lesser offenses included within the specified charge and proved by the evidence. *Miller v. Commonwealth*, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987); *see also Harrison v. Commonwealth,* 12 Va. App. 581, 583, 405 S.E.2d 854, 856 (1991).

> A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense. Thus, in order for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser offense.

*Kauffmann v. Commonwealth,* 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989) (citation omitted). Thus, proof of the greater offense necessarily proves the lesser.

The parties agree that the elements of intent found in Code § 46.2-605 and in Code § 46.2-613 are the same, and that the element "holds" (Code § 46.2-605) and the element "have in possession" (Code § 46.2-613) are synonymous. Accepting these positions, we focus our inquiry on whether the "uses" element of Code § 46.2-605 includes the "display" element of Code § 46.2-613, or whether the two terms are synonymous. We find neither to be the case.

*Webster's New Collegiate Dictionary* (1977) defines "use" as follows, in pertinent part:

> To accustom, habituate, to put into action or service, avail oneself of, to consume or take regularly, to carry out a purpose or action by means of, utilize, to extend or consume by putting to use, to behave toward, act with regard to, treat.

The same dictionary defines "display" as follows, in pertinent part:

To put or spread before the view in display, to make evident, to exhibit ostentatiously.

█ While certain conduct might be construed to fall within the definitions of both "use" and "display," the two words are not synonymous. The definition of neither necessarily includes the definition of the other.

Code § 46.2-605 and Code § 46.2-613 contain the overlapping elements "holds" and "have in possession." Thus, proof of "holds" or "have in possession" will satisfy either statute. Likewise, conduct which may be construed to constitute either "use" or "display" will satisfy those elements of either statute. However, because "use" and "display" are not synonymous, proof of an offense based on one of those terms as an element will not necessarily prove the offense based on the other.

The Code § 46.2-605 violation may be proven by proof of "uses." This would not necessarily prove the offense defined by Code § 46.2-613 (display or have in possession). Code § 46.2-613 may be proven by proof of "display." This would not necessarily prove the elements of Code § 46.2-605 (holds or uses). Thus, proof of either offense does not necessarily prove the other, and neither is included within the other. Therefore, we hold that Code § 46.2-613 does not define a lesser offense included in the proscription of Code § 46.2-605, or vice versa.

## II. *RULE 3A:17*

Rule 3A:17, captioned JURY VERDICTS, provides, in pertinent part:

(c) **Conviction of Lesser Offense.** The accused may be found not guilty of an offense charged but guilty of any offense . . . that is substantially charged or necessarily included in the charge against the accused.

Because of the disparity of specified elements, an accusation under Code § 46.2-605 neither substantially charges nor necessarily includes a charge under Code § 46.2-613.

## III. *PROSECUTORIAL ELECTION*

■ Where the evidence supports prosecution under either of two parallel statutes, the Commonwealth has the right to elect under which statute to proceed. Where the circumstances surrounding an offense permit prosecution under either of two statutes, the selection of the statute under which to proceed is a matter of prosecutorial election. *Mason v. Commonwealth,* 217 Va. 321, 323-24, 228 S.E.2d 683, 684 (1976). We cannot gainsay the exercise of that right.

The judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J.,* and Coleman, J., concurred.

---

*On May 1, 1993, Judge Moon succeeded Judge Koontz as Chief Judge.