## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

v.

Traci Rae Carter

Case No. CR95-04

Commonwealth of Virginia

v.

Robert W. McPherson, Jr.

Case No. CR95-189

Commonwealth of Virginia

v.

Juanita D. Reberio

Case No. CR95-151

May 1, 1995

BY JUDGE JOHN K. MOORE

Each of the defendants in the three above-referenced cases has been charged with a violation of Code of Virginia § 40.1-103 alleging that they "did willfully or negligently cause or permit such child/children to be placed in a situation that its life, health, or morals may be endangered." At the same time, defendants Reberio and Carter were charged with driving

under the influence, while defendant McPherson was charged with public intoxication. The Commonwealth maintains that it will prove that McPherson also was driving under the influence, but the arresting officer chose not to pursue that additional charge. Defendants have moved to dismiss the Class 6 felony charge on the grounds that § 40.1-103 is pre-empted by § 18.2-270 and is unconstitutionally vague.

Section 4.1-103 provides:

> 40.1-103. *Cruelty and injuries to children.* It shall be unlawful for any person employing or having the custody of any child willfully or negligently to cause or permit the life of such child to be endangered or the health of such child to be injured, or willfully or negligently to cause or permit such child to be placed in a situation that its life, health, or morals may be endangered, or to cause or permit such child to be overworked, tortured, tormented, mutilated, beaten or cruelly treated. Any person violating this section shall be guilty of a Class 6 felony.

"This statute, while enacted and codified as part of the Child Labor Law, has been classified as a 'cruelty to children statute' which extends not only to employers but also to parents and those standing in loco parentis . . . ." *Lovisi v. Commonwealth*, 212 Va. 848, 850 (1972).

### Pre-emption

Defendants argue that because the situation involved in these cases is addressed by Code of Virginia § 18.2-270 (which provides for additional penalties for persons convicted of the misdemeanor of driving under the influence while transporting a minor), § 40.1-103 may not be applied. Defendants argue that the specific provisions of § 18.2-270 pre-empt the more general provisions of § 40.1-103 and cite *McFadden v. Commonwealth*, 3 Va. App. 226 (1986), as authority for that proposition.

The holding in *McFadden* is difficult, if not impossible, to reconcile with the holding in *Mason v. Commonwealth*, 217 Va. 321 (1976). (Commonwealth has discretion to proceed under misdemeanor or felony statute against accused for escape.) The more recent case, *Smith v. Commonwealth*, 17 Va. App. 37 (1993), holds:

> Where the evidence supports prosecution under either of two parallel statutes, the Commonwealth has the right to elect under which statute to proceed. Where the circumstances surrounding an offense permit prosecution under either of two statutes, the

selection of the statute under which to proceed is a matter of prosecutorial election. *Smith* at 41, citing *Mason*.

There is a long-standing rule of statutory construction that "in construing conflicting statutes, 'when one statute talks to a subject in a general way and another deals with a part of the same subject in a more specific manner . . . . where they conflict, the latter prevails'." *Dodson, Adm. v. Potomac Mack Sales & Service, Inc.*, 241 Va. 89, 94-95 (1991) (citations omitted). However, in order for that rule to even apply, the two statutes must "conflict." The fact that these two statutes proscribe different penalties for ostensibly the same conduct does not appear to be a "conflict," at least as far as *Mason* and *Smith* are concerned.

The legislative history of § 18.2-270 reveals that the paragraph creating the additional penalties was added to the statute in 1993. According to *McFadden*, the question before this court is whether the legislature intended, by that amendment, to preclude prosecution under the general "cruelty to children" statute. *See McFadden* at 228. The Commonwealth argues that because the legislature did not "create a new offense" but only provided for additional penalties, the pre-emption doctrine applied in *McFadden* does not apply. The court fails to recognize the significance of any such distinction. After careful review, this court concludes that there is no clear indication that the legislature intended the DUI misdemeanor statute to pre-empt the felony cruelty to children statute. Under the *Mason* and *Smith* holdings, the Commonwealth retains its discretion to elect whether to proceed under the misdemeanor or the felony statute.

### Vagueness

"In assessing the constitutionality of a statute, we must presume that the legislative action is valid. The burden is on the challenger to prove the alleged constitutional defect." *Perkins v. Commonwealth*, 12 Va. App. 7, 14 (1991).

The "void-for-vagueness" doctrine requires penal statutes to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Perkins*, at 16. The basis of the defendants' vagueness challenge is that the conduct proscribed by this statute is so broadly described that persons of ordinary intelligence cannot understand what conduct is prohibited and further that arbitrary and discriminatory enforcement is encouraged.

"Generally, a defendant may challenge the constitutionality of a law only as it is applied to him or her." *Perkins*, at 11. "Defendant has no standing to make a broad and general facial statutory challenge because neither does he contend that his conduct was constitutionally protected, nor is the First Amendment implicated. Thus, the narrow question is whether [Sec. 40.1-103] is *vague as applied to the defendant.*" *Woodfin v. Commonwealth*, 236 Va. 89, 92 (1988) (emphasis added). The defendants correctly point out that this statute *could* be read to apply to innumerable everyday occurrences, such as allowing a child to play near a swimming pool or failing to put those small plastic plugs in the electric outlets. Additional examples arising out of the use of an automobile might include disregarding a stop light or speeding with a child riding in the car at the time. However, for purposes of the vagueness test, the court's proper scope of inquiry is not how *could* this statute be applied, but rather how *was* it applied to these defendants?

"If the terms of a statute, when measured by common understanding and practices, sufficiently warn a person as to what behavior is prohibited, then the statute is not unconstitutionally vague." *Stein v. Commonwealth*, 12 Va. App. 65, 69 (1991). While it is difficult for the court to find that the words of this statute sufficiently warn these defendants that driving under the influence of alcohol while having a child or children in the vehicle is proscribed conduct, such an analysis is not necessary in light of the court's findings as to the second prong of the "void for vagueness" doctrine.

The second prong of the vagueness test is whether the statute encourages arbitrary and/or discriminatory enforcement. This is the more important aspect of the vagueness doctrine. *Kolander v. Lawson*, 461 U.S. 352 (1983). Criminal laws are required to provide explicit standards for those who apply them. *Perkins*, at 16. Where the legislature fails to provide such minimal guidelines, a criminal statute may permit a "standardless sweep [that] allows policemen, prosecutors and juries to pursue their personal predilections." *Smith v. Goquen*, 415 U.S. 566, 94 S. Ct. 1242 (1974). *Kolander*, at page 1858. The Commonwealth argues that this statute does provide explicit standards for enforcement, specifically: the police officer must determine if there is a custodial relationship, if the requisite mens rea is present (i.e., willful or criminally negligent), and whether the child has been placed in a dangerous situation.

The defendants argue that the statute in its present form is so vague that it could be used to indict a parent or babysitter for a felony for almost any aspect of their life. As examples, they cite a parent who leaves a small

child in the bathtub while he goes to answer the telephone, although no harm befell the child, the driver of an automobile who allows a child under the age of four to ride in the car without being in a car seat, a person who operates a motor vehicle with a minor child in the car at speeds in excess of more than twenty miles over the speed limit, a parent who leaves their child unattended at the beach, or even a parent who allows a small child to have a sip of beer. The list of examples could go in indefinitely, limited only by one's imagination. They argue that each example illustrates a set of circumstances where arguably a parent or custodian negligently places their child in a *situation* that *may endanger* its life, health, or *morals* and, depending upon the personal beliefs of the police officer or prosecutor, could be indictable as a felony under § 40.1-103. One need look no further than the words used in the statute to conclude that such language encourages arbitrary enforcement by failing to describe with sufficient particularity what conduct is prohibited.

It is this Court's opinion that the part of the statute that provides: "willfully or negligently to cause or permit such child to be placed in a situation that its life, health or morals may be endangered" does not, in fact, provide law enforcement officials with "explicit standards." This is the part of the statute under which these defendants were charged. While it is understood that the enforcement of all criminal laws necessarily involves some degree of subjective interpretation, statutes as open-ended as this one extend that discretion beyond that which is necessary or desirable.

The court is under a duty to construe a statute to have a limited application if doing so will "tailor the statute to a constitutional fit." "If a statute can be made constitutionally definite by a reasonable construction, the court is under a duty to give it that construction." *Perkins*, at 14. The court is unable to come up with a "reasonable construction" of this part of the statute that would be sufficiently definite.

Defendants also argue that this statute is constitutionally defective because it lacks a mens rea. That argument appears to be without merit. The statute clearly proscribes "willful" and "negligent" conduct. The defendants argue that because the word "negligent" is used, it means civilly negligent. It is the opinion of the court that the term "negligently" can be reasonably construed to mean "criminally negligent."

*See Keech v. Commonwealth*, 9 Va. App. 272 (1989), for a discussion confirming that there is a recognized distinction between criminal negligence and civil negligence. In that case, the Court of Appeals notes that while involuntary homicide is defined as an "accidental killing," Virginia

courts have construed "accidental" to require proof of criminal negligence ("negligence so gross and culpable as to indicate a callous disregard of human life").

For the foregoing reasons, the court finds that the portion of Virginia Code § 40.1-103 which states "or willfully or negligently to cause or permit such child to be placed in a situation that its life, health or morals may be endangered . . . ." is unconstitutionally vague.

Accordingly, the defendants' motions to dismiss are sustained.