# CIRCUIT COURT OF THE CITY OF SALEM

Commonwealth of Virginia

v.

Trevor Turner

June 25, 1997

Case No. CL97-176

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant was charged with driving under the influence of intoxicants in violation of § 18.2-266 and with speeding 55 miles per hour in a 25 mile per hour zone in violation of § 46.2-874, both of which charges grew out of the same driving activity. He prepaid the speeding charge as authorized by Rule 3B:2 of the Rules of the Supreme Court of Virginia. He now claims that § 46.2-862 converted his speeding charge to a reckless driving charge. His argument is that since he has been convicted of speeding by virtue of his payment of the fines and costs, he can no longer be prosecuted for the driving under the influence charge because § 19.2-294.1 prevents dual convictions of driving under the influence and reckless driving. The Commonwealth contends that such a result was not intended by the legislature, and the Court agrees.

Defendant's argument required that he be *charged with and convicted of reckless driving*. This did not occur. He was charged with and convicted of speeding. That is a traffic infraction that carries with it a maximum penalty of a $200.00 fine. He was not charged with and convicted of reckless driving, a misdemeanor, that carries with it the maximum penalty of twelve months in jail and a $2,500.00 fine, either or both.

Section 19.2-294.1 is not ambiguous. It clearly says that if the Defendant is charged with driving under the influence of intoxicants and with reckless driving and he is convicted of one of those charges, then "the Court shall dismiss the remaining charge." The purpose of this statute is to prevent the

conviction of two different class one misdemeanors arising out of the same driving acts, when one of the misdemeanors is driving under the influence of intoxicants and the other is reckless driving. Simply because the facts of the case are such that the Defendant could have been charged with either reckless driving or speeding more than twenty miles per hour over the speed limit does not give him the right to elect the offense. "Where the evidence supports prosecution under either of two parallel statutes, the Commonwealth has the right to elect under which statute to proceed." *Smith v. Commonwealth*, 17 Va. App. 37, 41 (1993), quoting from *Mason v. Commonwealth*, 217 Va. 321, 323 (1976).

In addition, under § 16.1-69.40:1, it is not possible for a Defendant to prepay the fine for a reckless driving charge as it is expressly forbidden by subsection (d) of that statute. To hold otherwise would cause this code section to be in conflict with § 19.2-294.1 and § 46.2-862. When faced with such a problem, the "settled rule of statutory construction is that if apparently conflicting statutes can be harmonized and effect given to both of them, they will be so construed." *Lake Monticello Owners' Assn. v. Lake*, 250 Va. 565 (1995). Accordingly, the Court finds that the prepayment of a traffic infraction which could have been charged as reckless driving does not constitute a conviction of reckless driving.

The Defendant has been convicted of speeding, a traffic infraction. He has not been convicted of the misdemeanor of reckless driving. The Commonwealth may proceed against the Defendant on the driving under the influence of intoxicants charge without a violation of § 19.2-294.1.