# COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Russell and Athey
Argued by teleconference

BRANDON SERVAIS

MEMORANDUM OPINION[*] BY
v.      Record No. 0297-19-3      JUDGE WESLEY G. RUSSELL, JR.
APRIL 28, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

Jim D. Childress, III (Childress Law Firm, PC, on briefs), for
appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Brandon Servais, appellant, was convicted by a jury of production of child pornography in

violation of Code § 18.2-374.1 and possession of child pornography in violation of

Code § 18.2-374.1:1. The trial court imposed separate sentences for each conviction. Appellant

raises a double jeopardy challenge to his convictions and punishments, asserting that the offense of

possession of child pornography is a lesser-included offense of the production of child pornography.

For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.

## BACKGROUND

Appellant's double jeopardy challenge presents primarily a question of law. Accordingly,

we recite only those facts necessary to provide adequate context for the matter before us. In doing

so, we recite the facts in the light most favorable to the Commonwealth, the prevailing party below.

Marshall v. Commonwealth, 69 Va. App. 648, 650 (2019).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

When appellant was seventeen, he used his phone to record a then sixteen-year-old female performing oral sex on him. The same night, he sent the video via Snapchat to a male friend; the next day, he played the video for another male friend.

For his conduct, appellant subsequently was charged with both production of child pornography and possession of child pornography. The indictments specifically alleged that "[o]n or [a]bout January 5, 2017, . . . [appellant] [d]id . . . produce or make child pornography, to-wit: produce a video of V.A.F., a minor, engaged in sexual conduct" and "[d]id . . . possess child pornography." Each indictment referenced the specific code section alleged to have been violated, namely Code §§ 18.2-374.1(B)(2) and 18.2-374.1:1, respectively.

The jury found him guilty of both child pornography-related charges.[1] At the outset of his subsequent sentencing hearing, appellant moved the trial court to set aside the "jury's verdict[,]" arguing, in pertinent part, his belief that possession of child pornography is a lesser-included offense of production of child pornography. The Commonwealth responded, arguing that "production" of child pornography "does not require possession" of child pornography, and therefore, "possession is not a lesser included offense . . . of production." The trial court denied "the motion to set aside the verdict" specifically finding that "double jeopardy" did not apply "because production and possession are two separate offenses." Ultimately, the trial court imposed a sentence of ten years, with eight years suspended, for the production of child pornography conviction and a sentence of three years, with two years suspended, for the possession conviction. The trial court's sentencing order reflects that appellant specifically was convicted and sentenced for violating Code §§ 18.2-374.1(B)(2) and 18.2-374.1:1.

---

[1] Appellant also was charged with rape and forcible sodomy related to the incident. The jury acquitted him of those charges, and therefore, they are not a subject of this appeal.

This appeal follows. Appellant contends that the trial court "erred in not setting aside the jury's verdict as the possession of child pornography [offense is] a lesser-included [offense] of the production of the child pornography" offense.

## ANALYSIS

### I. Standard of review

In general, "[w]hether there has been a double jeopardy violation presents a question of law requiring . . . *de novo* review" on appeal. Currier v. Commonwealth, 65 Va. App. 605, 609 (2015) (quoting Fullwood v. Commonwealth, 279 Va. 531, 539 (2010)), aff'd, 292 Va. 737 (2016), aff'd sub nom. Currier v. Virginia, 138 S. Ct. 2144 (2018). This general standard applies to claims, such as appellant's here, "that multiple punishments have been imposed for the same offense in violation of the double jeopardy clause." Severance v. Commonwealth, 67 Va. App. 629, 650 (2017) (quoting Lawlor v. Commonwealth, 285 Va. 187, 227 (2013)), aff'd, 295 Va. 564 (2018).

### II. Double jeopardy

The Fifth Amendment to the United States Constitution provides, in pertinent part, that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[.]"[2] The United States Supreme Court has long "interpreted the Double Jeopardy Clause

---

[2] As with the other provisions of the Bill of Rights, the Fifth Amendment's double jeopardy protections originally were understood to apply to the actions of the federal government and not the individual states. See Palko v. Connecticut, 302 U.S. 319, 322 (1937) (stating that "[t]he Fifth Amendment . . . is not directed to the States, but solely to the federal government . . ."). The United States Supreme Court overruled Palko in Benton v. Maryland, 395 U.S. 784, 794 (1969), holding that "the double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage, and that it [applies] to the States through the Fourteenth Amendment." The Virginia Constitution also contains double jeopardy protections. See Va. Const. art. I, § 8 (providing that "a man" shall not "be put twice in jeopardy for the same offense"). Appellant cites to both the federal and state provisions with his argument assuming that the protections provided by each are coterminous. See Schwartz v. Commonwealth, 45 Va. App. 407, 440 (2005) ("Virginia's constitutional guarantee against double jeopardy affords a

- 3 -

according to the purposes it is designed to serve rather than according to its literal language." Currier, 65 Va. App. at 610. By way of "example, the Supreme Court made clear at an early date that the protections of the clause are not limited to crimes where 'life and limb' are at stake. Instead, its protections extend to all criminal offenses." Id.

"The double jeopardy clauses of the United States and the Virginia constitutions . . . embody three guarantees. They protect against (1) a second prosecution for the same offense after acquittal, (2) a prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." Commonwealth v. Hudgins, 269 Va. 602, 604-05 (2005). When, as here, the pertinent "convictions occurred in a single trial, the only relevant constitutional guarantee is protection against multiple punishments for the same offense." Payne v. Commonwealth, 277 Va. 531, 540 (2009) (citing Blythe v. Commonwealth, 222 Va. 722, 725 (1981)).

It is well settled that the same act, incident, or occurrence can give rise to multiple criminal offenses. Martin v. Commonwealth, 221 Va. 720, 723 (1981). Accordingly, offenses are considered the same offense for double jeopardy purposes "when (1) the two offenses are identical, (2) the former offense is lesser included in the subsequent offense, or (3) the subsequent offense is lesser included in the former offense." Sandoval v. Commonwealth, 64 Va. App. 398, 413 (2015) (quoting Hudgins, 269 Va. at 605). Accordingly, in order to prevail on his double jeopardy claim, appellant first must be correct in his assertion that "possession of child pornography . . . [is] a lesser-included [offense] of the production of the child pornography[.]"

defendant the same guarantees as the federal Double Jeopardy Clause." (quoting Stephens v. Commonwealth, 263 Va. 58, 62 (2002))).

## III. Blockburger, Code § 18.2-374.1:1, and Code § 18.2-374.1(B)

As appellant acknowledges, we evaluate his claim that possession of child pornography is a lesser-included offense of production of child pornography under the familiar test adopted by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932). Under Blockburger, "if each statute requires proof of an additional fact which the other does not," it is not a lesser-included offense, and thus, "an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Id. at 304 (quoting Morey v. Commonwealth, 108 Mass. 433, 434 (1871)).

Consistent with the rule of Blockburger, "[a]n offense is not a lesser-included offense of a charged offense unless *all* its elements are included in the [greater] offense[.]" Commonwealth v. Dalton, 259 Va. 249, 253 (2000) (emphasis added). "[I]n order for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser." Seibert v. Commonwealth, 22 Va. App. 40, 45 (1996) (quoting Kauffmann v. Commonwealth, 8 Va. App. 400, 409 (1989)). As such, "proof of the greater offense necessarily proves the lesser." Dezfuli v. Commonwealth, 58 Va. App. 1, 7 (2011) (quoting Smith v. Commonwealth, 17 Va. App. 37, 39 (1993)).

Because "[i]t is the identity of the offense, *and not the act,* which is referred to in the constitutional guaranty against double jeopardy[,]" Armstead v. Commonwealth, 55 Va. App. 354, 358 (2009) (quoting Martin, 221 Va. at 723), the Blockburger test requires that "we look at the offenses . . . in the abstract, without referring to the particular facts of the case under review[,]" Coleman v. Commonwealth, 261 Va. 198, 200 (2001). Accordingly, "we view the elements of the offenses generally and conceptually, rather than the elements of the offenses as charged in a specific instance." Johnson v. Commonwealth, 58 Va. App. 303, 323 (2011).

When "'each [crime] requires proof of a fact that the other does not,' . . . the offenses are different 'notwithstanding a substantial overlap in the proof offered to establish the crimes.'" Dezfuli, 58 Va. App. at 7-8 (alteration in original) (quoting Brown v. Ohio, 432 U.S. 161, 166 (1977)).  "A double jeopardy violation exists only if the offenses *always* require proof of the same elements[,]" Davis v. Commonwealth, 57 Va. App. 446, 456 (2011) (emphasis added), in which case, "[t]he conviction of the lesser included crime is subsumed in the greater conviction[,]" Rea v. Commonwealth, 14 Va. App. 940, 945 (1992).  Accordingly, we turn to the elements of the two offenses at issue.

## A.  Elements of possession of child pornography

The General Assembly criminalized the possession of child pornography in Code § 18.2-374.1:1.  Code § 18.2-374.1:1(A) provides that "[a]ny person who knowingly possesses child pornography is guilty of a Class 6 felony."  For purposes of the statute, "'child pornography' means sexually explicit visual material which utilizes or has as a subject an identifiable minor."[3]  Code § 18.2-374.1(A).  Thus, to violate the statute, one must (1) knowingly possess, (2) sexually explicit visual material, and (3) that material must utilize or have as its subject an identifiable minor.  See Terlecki v. Commonwealth, 65 Va. App. 13, 20 (2015).  Notably absent from the elements of possession of child pornography is any requirement that the possessor have been involved, in any way, in the production of the child pornography.

## B.  Elements of production of child pornography

The General Assembly criminalized the production of child pornography in Code § 18.2-374.1.  Employing the same definitions of "child pornography," "sexually explicit

---

[3] Code § 18.2-374.1(A) also further defines the phrases "sexually explicit visual material" and "identifiable minor[.]"  Because appellant's double jeopardy challenge does not challenge that the images for which he was tried constituted "sexually explicit visual material" or that they depicted an "identifiable minor" we need not address the specifics of those definitions.

visual material," and "identifiable minor" applicable to charges of possession of child pornography, see Code § 18.2-374.1(A), Code § 18.2-374.1(B) provides that

> A person shall be guilty of production of child pornography who:
>
> 1. Accosts, entices or solicits a person less than 18 years of age with intent to induce or force such person to perform in or be a subject of child pornography; or
>
> 2. Produces or makes or attempts or prepares to produce or make child pornography; or
>
> 3. Who knowingly takes part in or participates in the filming, photographing, or other production of child pornography by any means; or
>
> 4. Knowingly finances or attempts or prepares to finance child pornography.

Because subsections one through four of Code § 18.2-374.1(B) are separated by semicolons and the disjunctive, coordinating conjunction "or," violating any one of the subsections violates the statute and constitutes the crime of production of child pornography. Cf. Sansom v. Bd. of Supervisors, 257 Va. 589, 595 (1999) (addressing the effect of the use of "or"); Harris v. DiMattina, 250 Va. 306, 314-15 (1995) (same); Williams v. Commonwealth, 61 Va. App. 1, 8 (2012) (same). Accordingly, applying the rule of Blockburger, possession of child pornography is not a lesser-included offense of production of child pornography, and thus, not the same offense for double jeopardy purposes, if any of the subsections can be violated without the perpetrator having possessed the child pornography at issue.

Even a cursory review of the necessary elements contained in the four subsections of Code § 18.2-374.1(B) reveals a myriad of ways that one can be guilty of production of child pornography without ever actually having possessed the child pornography. A person who recruits a minor to appear in pornography is guilty of violating subsection one even if the "recruiter" is not present when the pornography is made and never actually sees or possesses the pornography itself. A person who holds lights or microphones during the filming of child

- 7 -

pornography is guilty of violating subsection three even if such person never possesses the film or images captured on camera. A person who finances the making of child pornography is guilty of violating subsection four even if such person never sees or obtains the finished product.

Even subsection two, the specific subsection under which appellant was charged and convicted, does not require possession of the child pornography as an element. One violates subsection two by the mere act of attempting or preparing to make child pornography. For example, subsection two is violated by preparation for filming, such as gathering the child actors and staging the sets, even if the police arrive before any filming actually occurs. Because the subsection does not require even a partially finished product for a person to be guilty of the offense, it does not have possession of child pornography as a required element.

The fact that one can commit the offense of production of child pornography without ever possessing that child pornography is fatal to appellant's double jeopardy claim. As noted above, "in order for [possession of child pornography] to be a lesser included offense of [production of child pornography], every commission of the [production] offense must also be a commission of the" possession offense. Seibert, 22 Va. App. at 45 (quoting Kauffmann, 8 Va. App. at 409). Because "proof of" production of child pornography does not "necessarily prove[]" possession of child pornography, Dezfuli, 58 Va. App. at 7 (quoting Smith, 17 Va. App. at 39), and the "offenses [do not] always require proof of the same elements[,]" they are not the same offense for double jeopardy purposes, Davis, 57 Va. App. at 456.

Appellant's response to the foregoing is to note that, in *this* case, he was convicted for possessing the very same child pornography that he was convicted of producing. Although that may be true, it is immaterial to the Blockburger analysis. As noted above, that analysis requires that "we look at the offenses . . . in the abstract, without referring to the particular facts of the case under review." Coleman, 261 Va. at 200; see also Johnson, 58 Va. App. at 323 (recognizing that,

- 8 -

for double jeopardy purposes, "we view the elements of the offenses generally and conceptually, rather than the elements of the offenses as charged in a specific instance"). Because, "in the abstract," one can violate Code § 18.2-374.1(B) without violating Code § 18.2-374.1:1, they are not the "same offense" for double jeopardy purposes. Accordingly, appellant's separate convictions and punishments for each do not violate double jeopardy.

CONCLUSION

For the foregoing reasons, possession of child pornography in violation of Code § 18.2-374.1:1 is not a lesser-included offense of production of child pornography in violation of Code § 18.2-374.1(B). As a result, the offenses are not the same offenses for double jeopardy purposes, and therefore, the trial court did not err in convicting and punishing appellant separately for each offense. Accordingly, we affirm the judgment of the trial court.

Affirmed.