436 S.E.2d 187 (1993)
George Terry CHAINE
v.
COMMONWEALTH of Virginia.
Record No. 1712-91-1.
Court of Appeals of Virginia.
October 12, 1993.
Rehearing En Banc Granted November 17, 1993.
*188 Fred C. Hardwick, II (Eusner & Hardwick, P.C., on briefs), for appellant.
Virginia B. Theisen, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., on brief), for appellee.
Present: BAKER, BARROW and BENTON, JJ.
BENTON, Judge.
George Terry Chaine was indicted and tried at a bench trial of rape, Code § 18.2-61, forcible sodomy, Code § 18.2-67.1, taking indecent liberties with a child with whom he maintained a custodial relationship, Code § 18.2-370.1, incest, Code § 18.2-366, and carnal knowledge by a parent with a child between the ages of thirteen and fifteen, Code § 18.2-361. At the conclusion of the evidence, the trial judge dismissed the incest charge and convicted Chaine of the other charges. Chaine contends that his convictions of both forcible sodomy and carnal knowledge violate the federal and state constitutional protections against double jeopardy. We agree and reverse the carnal knowledge conviction.
The record concerning the two challenged convictions establishes that the indictments charged that (1) "during the month of May, 1990, ... [Chaine] did unlawfully and feloniously commit forcible sodomy with his daughter ..., age thirteen..., in violation of Section 18.2-67.1 of the Code of Virginia" and (2) "during the month of May, 1990, ... [Chaine] did unlawfully and feloniously carnally know his daughter, ... a child between the ages of thirteen ... and fifteen ..., in violation of Section 18.2-361 of the Code of Virginia."[1]
At trial, Chaine's daughter testified about an incident in May 1990 during which Chaine disrobed her and performed various sexual acts with her. One such act occurred when Chaine pushed her head onto his genital area and told her to place his penis into her mouth. She said that she did as she was told. This act formed the basis upon which Chaine was convicted of violating both Code §§ 18.2-67.1 and 18.2-361.
The Commonwealth contends that Chaine failed to preserve the double jeopardy argument for appeal. It argues that the issue was not specifically raised in the trial court. We disagree. The record reflects that at the conclusion of all the evidence, Chaine's counsel moved to strike the rape and sodomy charges on the ground that the Commonwealth failed to prove force. During the discussion among counsel and the trial judge, the trial judge denied that motion to strike the evidence. The following dialogue then occurred:
[TRIAL JUDGE]: I'd like counsel to tell me, however, how the indictment for unlawful and feloniously raping his daughter,..., age 13, differs from the indictment for unlawfully and feloniously commit *189 incest with his daughter, ... a child within the age of 13 and 15.
[COMMONWEALTH'S ATTORNEY]: If Your Honor please. Incest. In all cases where the relationship is established, is going to be a lesser included offense of rape. The difference between incest
[TRIAL JUDGE]: I wonder how these two offenses in this case can be different and separate?
[COMMONWEALTH'S ATTORNEY]: They can only be separate if you don't find the prerequisite force to sustain the rape charge, and, quite frankly, I indicted in a way that if the Court doesn't find force, I guess one of my options would have been to say, Judge, would you reduce it to incest, but instead of doing that, I indicted for incest as well, because that is the difference between the two. I think if the Court finds him or finds the evidence sufficient on the rape, the incest would be merged or dismissed.
[TRIAL JUDGE]: Is there such a thing as forcible incest?
[COMMONWEALTH'S ATTORNEY]: Forcible incest is rape, but the way the incest statute is, rape is by the age. We don't have to prove force, and my concern, if you can't find force, certainly there's incest, if you believe the intercourse took place. It's lesser included if you find force.
[CHAINE'S ATTORNEY]: Your Honor, it's going to be our position, as she said, that in this particular case at this particular point, assuming that the Court believes that something happened, then I would say that the two indictments of incest would be a less included offense and that ought to be struck.
[TRIAL JUDGE]: All right.
[CHAINE'S ATTORNEY]: I'm not sure that the same thing doesn't necessarily apply to the sodomy and carnal knowledge.
[THE COURT]: They are different offenses. All right. I've denied your motion and noted the exception. I'd ask for counsel to review on the two charges. I think I agree. Does counsel want to comment further?
Although the argument was not precisely framed as an objection, we conclude that this colloquy sufficed to present the issue to the trial judge. Moreover, the trial judge's response is a clear acknowledgment that he understood the issue. Significantly, the trial judge dismissed the incest charge, finding that it was subsumed within the rape charge. However, the judge convicted Chaine of both forcible sodomy and carnal knowledge.
The double jeopardy provisions of Article I, Section 8 of the Virginia Constitution and the Fifth and Fourteen Amendments to the United States Constitution protect an accused against multiple punishments for the same offense. Jordan v. Commonwealth, 2 Va.App. 590, 593, 347 S.E.2d 152, 154 (1986). Offenses are the same for double jeopardy purposes if one is a lesser included offense of the other. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).
[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
Id.
To decide the issue presented, we must examine the elements of the two statutes. Code § 18.2-361 reads as follows:
§ 18.2-361. Crimes against nature.If any person shall carnally know in any manner any brute animal, or carnally know any male or female person by the anus or by or with the mouth, or voluntarily submit to such carnal knowledge, he or she shall be guilty of a Class 6 felony; provided, that if a parent commits such an act with his or her child, and such child is at least thirteen but less than fifteen years of age at the time of the offense, such parent shall be guilty of a Class 3 felony. (emphasis added).
The language of the statute that precedes the word "provided" prescribes the elements *190 of a criminal offense applicable to the conduct of "any person." That portion of the statute does not exclude from the ambit of its proscription any particular persons or class of persons. By its plain terms, the portion of the statute that precedes "provided" makes criminal the proscribed conduct of a parent if it occurs with his or her child, even if that child is at least thirteen but less than fifteen years of age.
By adding the "provided" clause, the legislature did not create an offense that requires proof of elements different from the offense proscribed under the portion of the statute that precedes the word "provided." By adding the language of the "provided" clause, the legislature merely decreed an enhanced punishment for a defined class of "any person" (i.e., a parent) who shall commit the proscribed act with a defined class of persons (i.e., his or her child at least thirteen but less than fifteen years of age). The class of persons encompassed within the clause of the statute that follows the word "provided" is included within, and not in addition to, the class of persons covered by the main portion of the statute that precedes the word "provided." Thus, the offense proscribed by the "provided" clause is precisely the same offense that is proscribed by the main portion of the statute that precedes the word "provided."
By using the word "provided," the legislature expressed its clear intent that the offense specified in the main portion of the statute shall be the basis upon which the proviso shall be determined. That the proviso does not create a separate offense is manifest by the use in the proviso of the terms "such an act" and "the offense," both of which relate back to the offense defined in the main portion of the statute. If one substitutes the definitionally equivalent term "with the understanding" for the word "provided," it is clear that the legislature intended only to enhance the penalty for the stated subclass of persons who are covered under the main portion of the statute. Simply put, the legislature has provided for an enhanced punishment when the characteristics specified in the proviso are applicable to the persons prosecuted for violating the offense defined in the main portion of the statute.
Thus, under the main portion of Code § 18.2-361, anyone, parent or non-parent, who "carnally knows in any manner any brute animal, or carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge" is guilty of a criminal offense. The proviso becomes operative only if the defendant is a parent who sodomizes his thirteen or fourteen year old child. In such a situation, the defendant is guilty under the main portion of the statute. The function of the proviso is to enhance the punishment for a parent who sodomizes a thirteen or fourteen year old child.
Under the main portion of Code § 18.2-361, anyone, parent or non-parent, who sodomizes a child less than thirteen years of age is guilty of the offense and punished as a Class 6 felony. If the victim is fifteen or older, the sodomizer, parent or not, is guilty of the same offense and likewise punished as a Class 6 felony. In imposing a Class 3 felony, the proviso expresses a legislative determination to give added protection to thirteen and fourteen year old children who are sodomized by their parents.
Anyone who sodomizes a child less than thirteen also has violated the provisions of Code §§ 18.2-67.1(A)(1) and (C). Under Code §§ 18.2-67.1(A)(1) and (C), if the victim is less than thirteen years of age, the sodomizer, whether he or she is a parent, can be imprisoned for life.
Cunnilingus, fellatio, anallingus, and anal intercourse are acts of carnal knowledge of any male or female person by the anus or by or with the mouth. See Shull v. Commonwealth, ___ Va.App. ___, 431 S.E.2d 924 (1993). To establish guilt under Code § 18.2-67.1(A)(1) when the victim is "less than thirteen years of age," the Commonwealth must prove that the accused engaged in "cunnilingus, fellatio, anallingus, or anal intercourse" with the victim. Proof of no additional fact is required to sustain a conviction under Code *191 § 18.2-361. Code § 18.2-361 requires proof of carnal knowledge of "any male or female person by the anus or by or with the mouth." When the victim is thirteen years of age or older, Code § 18.2-67.1 requires proof of these same elements plus the added elements of "force, threat or intimidation" or the "witness's mental incapacity or physical helplessness." Thus, every instance of cunnilingus, fellatio, anallingus, or anal intercourse in violation of Code § 18.2-67.1(A) also constitutes a violation of Code § 18.2-361. Moreover, there is no indication that the legislature intended that two punishments be imposed for the same act.
For these reasons, we conclude that Chaine suffered multiple punishments for the same offense in violation of double jeopardy protections. Accordingly, we reverse the conviction under Code § 18.2-361 and dismiss the indictment.
Reversed.
BAKER, Judge, dissenting.
I respectfully disagree with the majority's determination that appellant's objection complied with the requirements of Rule 5A:18.
At the conclusion of all the evidence, and after appellant had renewed his motion to strike, the trial court raised the question of whether the charge of incest was a lesser-included offense of the charge of rape. The court then dismissed the incest charge and appellant stated, "I'm not sure that the same thing doesn't necessarily apply to the sodomy and carnal knowledge." The trial court replied, "[t]hey are different offenses," and appellant made no further objection. This constituted appellant's "double jeopardy" argument in its entirety.
Appellant explained on brief that, "at the conclusion of all the evidence, Counsel for the Appellant honestly believed that he had heard evidence which would support both the allegations of forcible sodomy and carnal knowledge." He further stated, "[i]t was not until Counsel for the Appellant read the transcript of the proceedings that he discovered that the evidence he honestly believed he had heard did not in fact exist." It is clear that he did not believe nor did he ever assert that he had met the requirements of Rule 5A:18.
Rule 5A:18 provides, in relevant part:
No ruling of the trial court ... will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.
"In interpreting this rule we have stated: `[T]he primary purpose of the contemporaneous objection rule is to advise the trial judge of the action complained of so that the court can consider the issue intelligently and, if necessary, take corrective action to avoid unnecessary appeals, reversals, and mistrials.' " Hogan v. Commonwealth, 5 Va.App. 36, 45, 360 S.E.2d 371, 376 (1987) (citation omitted); Darnell v. Commonwealth, 12 Va.App. 948, 952, 408 S.E.2d 540, 542 (1991). "Consistent with this purpose, we have held that objections must be stated with specificity." Hogan, 5 Va.App. at 45, 360 S.E.2d at 376. The trial judge must " `understand the precise question or questions he is called upon to decide," and "is not required to search for objections which counsel have not discovered....'" Darnell, 12 Va.App. at 952-53, 408 S.E.2d at 542 (citation omitted).
Under the circumstances presented here, I would find that appellant failed to alert the trial court that he was invoking the double jeopardy protection of the United States Constitution. He did not, with the specificity required by Rule 5A:18, state the reason for his objection before the trial court, and the ends of justice do not require our consideration of the issue upon appeal.
At most, appellant's statement to the trial court raised the issue of whether carnal knowledge was a lesser-included offense of forcible sodomy. "The determination of what constitutes a necessarily included lesser offense, [however,] is distinguishable from the related problems of what offenses constitute the `same offense' for double jeopardy purposes." Taylor v. Commonwealth, *192 11 Va.App. 649, 652 n. 3, 400 S.E.2d 794, 795 n. 3 (1991).
For the reason stated, I would affirm the judgment of the trial court.

Upon a Petition for Rehearing En Banc Before the Full Court
On October 26, 1993 came the appellee, by the Attorney General of Virginia, and filed a petition praying that the Court set aside the judgment rendered herein on October 12, 1993 and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on October 12, 1993 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellee shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.
NOTES
[1] Code § 18.2-67.1 provides, in pertinent part, as follows:

Forcible sodomy  A. An accused shall be guilty of forcible sodomy if he or she engages in cunnilingus, fellatio, anallingus, or anal intercourse with a complaining witness who is not his or her spouse, or causes a complaining witness, whether or not his or her spouse, to engage in such acts with any other person, and
1. The complaining witness is less than thirteen years of age, or
2. The act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness.
Code § 18.2-361 provides, in pertinent part, as follows:
Crimes against nature.If any person shall carnally know in any manner any brute animal, or carnally know any male or female person by the anus or by or with the mouth, or voluntarily submit to such carnal knowledge, he or she shall be guilty of a Class 6 felony; provided, that if a parent commits such an act with his or her child, and such child is at least thirteen but less than fifteen years of age at the time of the offense, such parent shall be guilty of a Class 3 felony.