# ORDER

VIRGINIA:

In the Court of Appeals of Virginia on Tuesday the 3rd day of May, 1994.

George Terry Chaine, Appellant,

against

Commonwealth of Virginia, Appellee.

COUNSEL

Fred C. Hardwick, II (Eusner & Hardwick, P.C., on briefs), for appellant.

Marla Lynn Graff, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Virginia B. Theisen, Assistant Attorney General, on briefs), for appellee.

## UPON A REHEARING EN BANC

OPINION

In *Chaine v. Commonwealth*, 17 Va. App. 179, 436 S.E.2d 187 (1993), a majority of a panel of this Court reversed a conviction for violation of Code § 18.2-361. The Commonwealth's petition for rehearing *en banc* was granted and heard on February 18, 1994. For the reasons stated in the panel's majority opinion, we reverse the conviction and lift the stay of this Court's October 12, 1993, mandate.

*Reversed.*

Baker, J., with whom Moon, C.J., joins, dissenting.

I respectfully disagree with the majority's finding that "the trial judge's response is a clear acknowledgment that he understood the issue." Counsel for appellant candidly admitted that he did not raise the double jeopardy issue, yet the majority holds that the

trial court ruled on that issue. Respectfully, I suggest that the majority has given new meaning to the word "specificity" contained in Rule 5A:18. I would affirm the trial court's judgment because appellant failed to meet the specificity requirement of Rule 5A:18.