COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


DOUGLAS BRUCE SEIBERT

v.          Record No.  0138-95-4          OPINION BY
                                      JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                   MARCH 12, 1996


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                     James W. Haley, Jr., Judge


          Joseph W. Kaestner (Brian R. Pitney; Kaestner &
          Pitney, on brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.



     Appellant, Douglas Bruce Seibert, was arrested on three

warrants, each charging him with conduct occurring over a three

month period.  The charges set forth in the warrants were

certified to the grand jury.  However, instead of seeking

indictments against Seibert based on the certified charges, the

Commonwealth sought, and the grand jury returned, thirty-five

direct indictments reflecting more specifically the conduct

Seibert had engaged in during the three month period.  The direct

indictments alleged twenty-six counts of producing sexually

explicit material, three counts of carnal knowledge, three counts

of aggravated sexual battery, and three counts of indecent

liberties.  The Commonwealth tried Seibert on the direct

indictments, and the jury convicted Seibert on thirty-two of

them.

On appeal, Seibert contends that the trial court erred in allowing the Commonwealth to prosecute him on the direct indictments rather than on the charges certified to the grand jury.  Alternatively, Seibert argues that, by directly indicting him, the Commonwealth violated his right to a preliminary hearing under Code § 19.2-218[1] because he was arrested before he was indicted.  Seibert also contends that the offense of taking indecent liberties is a lesser included offense of aggravated sexual battery and that the evidence was insufficient to support separate convictions.  Finding Seibert's arguments without merit, we affirm his convictions.

I

The decision in <u>Waye v. Commonwealth</u>, 219 Va. 683, 251 S.E.2d 202, <u>cert. denied</u>, 442 U.S. 924 (1979), is dispositive.

In <u>Waye</u>, the defendant argued that
> through a "manipulative procedure" employed
> by the Commonwealth's Attorney, he was
> improperly denied a preliminary hearing on
> the charge of capital murder.  He was
> originally detained, the defendant says, on a
> non-capital charge of first degree murder,

_____

[1]     Code § 19.2-218 provides:

> No person who is arrested on a charge of
> felony shall be denied a preliminary hearing
> upon the question of whether there is
> reasonable ground to believe that he
> committed the offense and no indictment shall
> be returned in a court of record against any
> such person prior to such hearing unless such
> hearing is waived in writing by the accused.

- 2 -

> was granted a preliminary hearing on that charge, and was certified to the grand jury. Then, however, the defendant asserts, the Commonwealth's Attorney obtained indictments for both capital murder and first degree murder and proceeded to trial on the capital but not the non-capital offense. This procedure, the defendant maintains, circumvented his statutory right to a preliminary hearing on the charge for which he was ultimately prosecuted.

Id. at 688-89, 251 S.E.2d at 206. However, the Court disagreed, stating that

> Code § 19.2-218 provides that "[n]o person who is <u>arrested</u> on a charge of felony shall be denied a preliminary hearing . . . ." (Emphasis added.) The defendant was not arrested on the charge of capital murder; he was indicted on that charge directly by the grand jury. The procedure employed in obtaining the indictment was not manipulative, and it did not work a denial of any statutory right to which the defendant was entitled.

Id. at 689, 251 S.E.2d at 206 (citing <u>Webb v. Commonwealth</u>, 204 Va. 24, 30-31, 129 S.E.2d 22, 27-28 (1963) (preliminary hearing not necessary where indictment found against defendant by grand jury)). As in <u>Waye</u>, Seibert was directly indicted for charges distinct from those on which he was arrested but which arose out of the same course of events. Seibert was never arrested on any of the felonies for which he was ultimately tried. Seibert's arguments that the Commonwealth was required to prosecute on the certified charges and that, in seeking direct indictments, the Commonwealth denied him the right to a preliminary hearing, are without merit.

- 3 -

Seibert also argues that his convictions for taking indecent liberties under Code § 18.2-370.1[2] should be reversed on the ground that these offenses are lesser included offenses of aggravated sexual battery under Code § 18.2-67.3.[3]

---

[2] Code § 18.2-370.1 states, in part:

Any person eighteen years of age or older who maintains a custodial or supervisory relationship over a child under the age of eighteen . . . and is not legally married to such child, and who, with lascivious intent, knowingly and intentionally . . . (ii) proposes to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361 [sodomy], or . . . (iv) proposes that any such child expose his or her sexual or genital parts to such person, or . . . (vi) sexually abuses the child as defined in § 18.2-67.10(6), shall be guilty of a Class 6 felony.

[3] Code § 18.2-67.3 states, in part:

A.  An accused shall be guilty of aggravated sexual battery if he . . . sexually abuses the complaining witness, and

\*       \*       \*       \*       \*       \*       \*

"A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense." Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989). In other words, "[a]n offense is not a lesser included offense of another if each offense contains an element that the other does not." Walker v. Commonwealth, 14 Va. App. 203, 206, 415 S.E.2d 446, 448 (1992). "Thus, in order for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser." Kauffmann, 8 Va. App. at 409, 382 S.E.2d at 283.

"The determination of what offenses are necessarily included lesser offenses of the crime charged is based on the fundamental nature of the offenses involved, not on the particular facts of a specific case . . . ." Taylor v. Commonwealth, 11 Va. App. 649, 652, 400 S.E.2d 794, 795 (1991). In applying the test, the offenses are examined in the abstract rather than with reference to the facts of the particular case under review. Blythe v. Commonwealth, 222 Va. 722, 726, 284 S.E.2d 796, 798 (1981).
(..continued)

> 2. The act is accomplished against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness, and
>
> a. The complaining witness is at least thirteen but less than fifteen years of age
>
> . . . .

All the elements of the crime of taking indecent liberties are not included in the crime of aggravated sexual battery. Only individuals over age eighteen who maintain a custodial relationship with the victim can be convicted of taking indecent liberties. Thus, the commission of aggravated sexual battery by a person under age eighteen would not constitute the crime of taking indecent liberties. This distinction alone is enough to render aggravated sexual battery and taking indecent liberties distinct offenses. See Kauffmann, 8 Va. App. at 409-10, 382 S.E.2d at 284 (contributing to the delinquency of a minor requires the accused be at least eighteen years old, aggravated sexual battery does not; as such, all the elements of the former offense are not included within the latter offense).

Additionally, the commission of aggravated sexual assault by a person not in a custodial relationship with the victim would not constitute the crime of taking indecent liberties. The requirement of custodial relationship is not merely a basis for enhancing punishment, as suggested by Seibert. Under Code § 18.2-370.1, the custodial relationship the accused maintains with respect to the victim is a predicate to guilt. Only those persons who maintain a custodial relationship with their victim can be convicted under § 18.2-370.1. Cf. Chaine v. Commonwealth, 17 Va. App. 179, 183-85, 436 S.E.2d 187, 189-90 (1993), aff'd on reh'g en banc, 18 Va. App. 301, 443 S.E.2d 924 (1994) (addressing Code § 18.2-361).

III

Finally, Seibert argues that all six of these convictions (three for taking indecent liberties, three for aggravated sexual battery) were impermissibly supported by the same conduct. However, the victim testified that Seibert engaged in the prohibited conduct every day for three months. The evidence clearly supports all six convictions.

Accordingly, Seibert's convictions are affirmed.

<u>Affirmed</u>.