COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Overton and Senior Judge Duff

JOHN DAVID SMITH

MEMORANDUM OPINION[*]

 v.      Record No. 1546-97-4        BY JUDGE CHARLES H. DUFF

DECEMBER 1, 1998

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
James W. Haley, Jr., Judge

(Jeffrey Garth Edmunds, on brief), for
appellant.  Appellant submitting on brief.

(Mark L. Earley, Attorney General; Eugene
Murphy, Assistant Attorney General, on
brief), for appellee. Appellee submitting on
brief.


John David Smith, appellant, appeals his convictions of

seven counts of aggravated sexual battery, two counts of object

sexual penetration, seven counts of taking indecent liberties

with children while in a custodial relationship, and four counts

of taking indecent liberties with children.  On appeal, he

contends that the trial court erred by (1) admitting evidence of

appellant's membership in the North American Man-Boy Love

Association; (2) admitting into evidence the pornographic

materials in appellant's possession at the time of his arrest;

(3) refusing to give a jury instruction on circumstantial

evidence; and (4) refusing to give a jury instruction stating

that crimes against nature are lesser-included offenses of object

_____

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

sexual penetration.  Finding no error, we affirm the judgment of the trial court.

FACTS

Appellant stayed in the victim's home during the week following August 5, 1995, while the victim's mother was away on a trip.  At the time, the victim was eleven years old.  The victim, his mother, and his younger sister considered appellant, who lived in California, a close family friend.

The victim testified that, on every night of the week appellant stayed with him, after the victim's sister was asleep, appellant sexually abused him in the living room.  On the first night, while the victim was lying on his stomach watching television, appellant told the victim to pull down his pants.  The victim complied, and appellant pulled down the victim's underwear.  Appellant massaged the victim's buttocks for a period of time, placed his hand near the victim's anus, and moved his hand around.  On the second night, appellant told the victim he was going to give him another "butt massage."  Appellant repeated the activity of the night before and also reached underneath the victim and touched his penis.  Appellant again gave the victim a "butt massage" on the third night, but did not touch his penis.  On the fourth night, appellant touched the victim in the manner he had before, including touching his penis.  He also took the popsicle the victim was eating and put it into the victim's anus.  Appellant removed the popsicle after a few seconds and licked

it.

On the fifth night, appellant pulled down the victim's shorts and underwear and massaged the victim's buttocks. Appellant inserted a pencil into the victim's anus. The victim complained that it hurt. Appellant removed the pencil and apologized. Appellant massaged the victim's buttocks on the sixth, seventh, and eighth nights and touched the outside of his anus. Each incident of sexual abuse lasted about ten minutes.

The victim, his sister, and his mother continued to have regular telephone discussions with appellant during the following months. In June of 1996, in anticipation of his visit to Virginia the next August, appellant began talking to the victim about "sexual things" they would do together during the visit. Appellant also told the victim he would bring X-rated movies with him demonstrating "how men do boys." Appellant told the victim that if he told anyone about the nature of their conversations that appellant would "get in real big trouble and he would have to go to jail."

Detective Thomas Polhemus of the Fairfax County police testified that, as a part of his undercover investigation of child sexual abuse, he joined the North American Man-Boy Love Association ("NAMBLA"), an organization that advocates sexual activity between adults and boys. Polhemus attended NAMBLA conferences in New York and Seattle, and became acquainted with appellant, who was a member of NAMBLA. Polhemus testified that he had heard appellant refer to himself as a "boy lover" on

-4-

occasion.

In January of 1996, appellant and Polhemus had a telephone conversation concerning what appellant perceived as a favor Polhemus had performed for appellant. Appellant later wrote Polhemus thanking him for his help and stating an intention to repay him. Appellant asked the specific age of boys who interested Polhemus, suggesting that the repayment would be in the form of pornography involving boys. Appellant said he would bring the materials to Polhemus on his next visit to Virginia.

Appellant called Polhemus and arranged to meet him on August 14, 1996 to give him a videotape. Polhemus picked up appellant at the arranged location, and, as they drove in Polhemus's truck, the police recorded the conversation between appellant and Polhemus. Appellant said that he had a videotape, four magazines, and some photocopied material involving boys. Appellant described the video as having a rating of "triple X" and showing young boys having sex with each other and with adults. After discussing various aspects of enticing boys for sex and an upcoming NAMBLA conference, appellant asked about Polhemus's plans for August 31, 1996. Appellant said he would bring "his" boy, whom he identified by the victim's first name, and would swap him for Polhemus's boy. Appellant displayed a picture of the victim. Appellant said he had adopted "his" boy, who had been a runaway, and lived with him in San Francisco.

When appellant gave Polhemus the pornographic materials they

had discussed, the police arrested appellant. A subsequent search of the home of appellant's mother led the police to the victim.

## NAMBLA AND PORNOGRAPHIC MATERIALS EVIDENCE

Appellant argues that the evidence of his NAMBLA membership was not relevant and was overly prejudicial. He also asserts that the trial court abused its discretion in admitting into evidence the pornographic materials in appellant's possession at the time of his arrest.

> "[E]vidence is relevant if it tends to establish the proposition for which it is offered." Evidence is material if it relates to a matter properly at issue. However, relevant evidence should be excluded if the prejudicial effect of the evidence outweighs its probative value. The fact that some prejudice may result does not justify automatic exclusion, however.

Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987) (citation omitted).

Appellant was charged with violating Code § 18.2-370, taking indecent liberties with children, and Code § 18.2-370.1, taking indecent liberties with a child by a person in a custodial or supervisory relationship. Both of these offenses require proof of lascivious intent. Appellant was also charged with committing aggravated sexual battery in violation of Code § 18.2-67.3, which requires proof that appellant sexually abused the victim. Sexual abuse "means an act committed with the intent to sexually molest, arouse, or gratify any person . . . ." Code § 18.2-67.10(6).

-6-

Thus, intent was at issue in appellant's case.

In fact, appellant argued in his motion to strike the evidence that the Commonwealth had failed to prove lascivious intent. Moreover, the trial court instructed the jury that, in order to convict appellant of the crime of taking indecent liberties with a child, the jury had to find that appellant "knowingly and intentionally sexually abused [the victim]" and that appellant "acted with lascivious intent." Therefore, appellant's intent was a focal issue in the case.

"Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact." Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991). "Intent may be shown by a person's conduct and by his statements." Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989).

The NAMBLA evidence and the pornographic materials evidence were admissible as evidence of appellant's lascivious intent with regard to the charges of violations of Code §§ 18.2-370 and 18.2-370.1. The evidence was also admissible to prove that appellant engaged in acts "with the intent to sexually molest, arouse, or gratify any person" in violation of Code §§ 18.2-67.3 and 18.2-67.10 when he massaged the victim's buttocks.

Furthermore, the NAMBLA evidence was relevant to establish what appellant meant when he referred to himself as a "boy

lover."  Polhemus testified that members of NAMBLA described themselves as "boy lovers."  Polhemus stated that this term is synonymous with pedophile.  Thus, the evidence that appellant was a member of NAMBLA and his admission that he was a "boy lover," or pedophile, went to appellant's specific intent and purpose when he engaged in the various acts with the victim.  The evidence did not merely demonstrate a general propensity to commit such crimes.  See Reynolds v. Commonwealth, 24 Va. App. 220, 226, 481 S.E.2d 479, 482 (1997).  See also State v. McClellan, 638 N.E.2d 593, 598 (Ohio App. 1994) ("[N]umerous magazines, books and newsletters that encourage their readers to engage in sexual activity with minor boys . . . is . . . evidence of [appellant]'s preparation and purpose.").

Moreover, the fact that appellant was a member of NAMBLA was not admitted in a vacuum of other evidence.  Appellant's and Polhemus's association with NAMBLA provided a basis for their acquaintance and a reason for their communications about sex with boys.  Further, Polhemus testified that the members of NAMBLA discuss "that having sex with boys and distribution of child porn should not be illegal."  Appellant and Polhemus were together on August 14, 1996 because of their connection to NAMBLA and so that appellant could repay a perceived favor pertaining to that organization.  During this meeting, appellant revealed information demonstrating that he had been sexually involved with a boy and that the victim was, in fact, that boy.  This evidence

supported the credibility of the victim's testimony, which appellant challenged throughout the trial. "Evidence that tends to establish the credibility of a witness or the reliability of evidence is relevant and admissible." Braxton v. Commonwealth, 26 Va. App. 176, 186, 493 S.E.2d 688, 693 (1997).

Furthermore, the NAMBLA evidence provided a background for the connection between Polhemus and appellant.

> Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial. The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty of other offenses.

Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984).

The videotape and other pornographic materials showed homosexual acts between male children and adults. Some of these acts were similar to those acts appellant performed on the victim or proposed to do to the victim during telephone conversations. Appellant also told the victim during one of these telephone conversations that he would bring the victim an X-rated videotape demonstrating "how men do boys." Because these pornographic materials portrayed acts comparable to appellant's conduct with the victim, the materials were relevant and probative of appellant's intent.

-9-

We are not unmindful of this Court's opinion in Blaylock v. Commonwealth, 26 Va. App. 579, 496 S.E.2d 97 (1998). In that case, the Court held that evidence of child pornography and a sexually explicit story was not admissible on the issue of intent where the defendant was convicted of aggravated sexual battery upon a child less than thirteen years of age in violation of Code § 18.2-67.3. However, in Blaylock, "the issue of intent was not genuinely in dispute." Id. at 592, 496 S.E.2d at 103. Here, as discussed above, appellant's intent was genuinely at issue. The probative value of the NAMBLA evidence and the pornographic materials evidence as it related to appellant's specific intent and purpose involving his actions with the victim outweighed any prejudicial effects of the evidence. Therefore, we find that the trial court did not abuse its discretion in admitting the evidence.

### CIRCUMSTANTIAL EVIDENCE JURY INSTRUCTION

> In instructing the jury, the primary goals are "to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into view the relation of the particular evidence adduced to the particular issues involved. In his instructions the trial judge should inform the jury as to the law of the case applicable to the facts in such a manner that they may not be misled."

Cooper v. Commonwealth, 2 Va. App. 497, 500, 345 S.E.2d 775, 777 (1986) (citations omitted). "When a trial judge instructs the jury in the law, he or she may not 'single out for emphasis a

part of the evidence . . . .'" Terry v. Commonwealth, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987) (citation omitted).

The trial court refused to give appellant's instruction concerning circumstantial evidence. However, nearly all of the elements of the charged offenses were proven by direct evidence. To have granted a circumstantial evidence instruction would have singled out such evidence for emphasis. Moreover, the instructions given by the trial court properly stated the presumption of innocence, the Commonwealth's duty to prove all of the elements of the charged offenses beyond a reasonable doubt, and the fact that "suspicion or probability of guilt is not enough for a conviction." Therefore, the trial court did not err in refusing appellant's proposed instruction on circumstantial evidence.

## CRIMES AGAINST NATURE JURY INSTRUCTION

The trial court refused to instruct the jury regarding "crimes against nature" under Code § 18.2-361, which appellant argued was a lesser-included offense of sexual penetration by an object in violation of Code § 18.2-67.2(1).

> "A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense." In other words, "an offense is not a lesser included offense of another if each offense contains an element that the other does not." "Thus, in order for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser."

Seibert v. Commonwealth, 22 Va. App. 40, 45, 467 S.E.2d 838,

840-41 (1996) (citations omitted).

To establish that appellant violated Code § 18.2-67.2(1), the Commonwealth was required to prove that the victim was less than thirteen years old and that appellant penetrated the victim's anus with an object, either animate or inanimate. A violation of Code § 18.2-361(A) consists of proof that a person "carnally knows any male or female person by the anus or by or with the mouth . . . ." "Carnal knowledge" is not limited to sexual intercourse, but includes "any sexual bodily connection." Shull v. Commonwealth, 16 Va. App. 667, 669-70, 431 S.E.2d 924, 925 (1993), aff'd, 247 Va. 161, 440 S.E.2d 133 (1994) (interpreting Code § 18.2-63).

A violation of Code § 18.2-67.2(1) involving an inanimate object, as in this case, is not carnal knowledge because the accused and the victim are not connected bodily. Moreover, Code § 18.2-67.2(1) requires proof that the victim was under thirteen years of age, whereas Code § 18.2-361(A) does not. Because every instance of object penetration does not constitute carnal knowledge under Code § 18.2-361(A), the latter offense is not a lesser-included offense of the former. Accordingly, the trial court did not err in refusing appellant's instruction on carnal knowledge.

For the above reasons, the decision of the trial court is affirmed.

Affirmed.

-12-