# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Robert Levin

May 3, 2001

Case No. CR00004719

BY JUDGE JOHN C. MORRISON, JR.

This matter comes before the Court on Defendant's various motions including: (a) Motion to Suppress due to lack of probable cause to arrest; (b) Motion to Dismiss Indictment(s) of Aggravated Sexual Battery; (c) Motion to Dismiss Incest Indictment(s) in that incest is a lesser included offense of rape, and (d) Motion to Dismiss Certain Indictments Due to Multiplicity. There was also a previous motion to dismiss *all* charges based on a prior 1999 dismissal of indictments dated July 1, 1998, to July 29, 1998, due to a speedy trial violation. The current indictments allege offenses occurring between October of 1996 and June 30, 1998. That particular Motion to Dismiss was argued at the February 20, 2001, hearing. The Court subsequently denied that Motion. In denying that Motion to Dismiss, the Court held that as long as the Commonwealth puts forth evidence at trial showing that a particular offense(s) occurred outside the original time period for which defendant was initially indicted, then the defendant may be subject to punishment for those distinct offense(s). Contrary to defense counsel's argument, the present case scenario does not fall within the narrow ambit of *Clark v. Commonwealth*, 4 Va. App.

3, 353 S.E.2d 790 (1987) (holding that the prosecution of conspiracy charges was barred where charges for the underlying substantive offenses were dismissed on speedy trial grounds stating that the conspiracy charges were "closely related" to the underlying charges). In addition to all of the current motions, there were a few other motions disposed of at the February 20, 2001, hearing on this matter. Those motions consisted of the following:

(a) Defendant's Motion for a Bill of Particulars was granted;
(b) Defendant's Motion to Compel Physical Examination was denied;
(c) Defendant's Motion to Take the Victim's Deposition was denied.

With regard to the Motion to Suppress, the Court has reviewed the transcripts and other evidence offered by the defense and finds that there was probable cause to arrest the defendant in the first instance. Defense counsel argues that the Child Protective Services (CPS) Report in this matter shows that there was insufficient evidence of abuse to establish probable cause to arrest. The Court disagrees. The probable cause to arrest in this case came from talking to the defendant's roommate, Mr. Kevin Griffin, and Mr. Griffin's girlfriend, Ms. Norma Julian, not from the alleged victim or Mr. Levin, both of whom denied any sexual misconduct. Mr. Griffin and Ms. Julian both stated that they heard sexual noises coming from the bedroom and that both Mr. Levin and his daughter Melissa were in the bedroom at the time they heard the noises. Mr. Griffin explained the noises as "moaning" and "groaning" as well as the sound of a headboard hitting the wall. After hearing these noises, Mr. Griffin went to the defendant's bedroom door and knocked. The door came open and Mr. Griffin saw the defendant lying naked on the bed and his daughter had only a large tee shirt on. Further, on prior occasions, Mr. Griffin stated that he witnessed Mr. Levin kissing his daughter all over her body as she slept. The Court finds that this evidence was sufficient to establish probable cause in this case. Therefore, any statements made subsequent to the arrest are admissible as evidence.

The Motion to Dismiss the indictments of aggravated sexual battery is also denied. The Court finds that the legislature did not intend to remove aggravated sexual battery from the general statutory scheme simply because the person is also being charged with indecent liberties. *See McFadden v. Commonwealth*, 3 Va. App. 226, 230, 348 S.E.2d 847 (1986). In fact, there are cases where the defendant was tried and convicted of both aggravated sexual battery and also indecent liberties as the defendant was a parent or custodian. *See generally Clark v. Commonwealth*, 30 Va. App. 406, 517 S.E.2d 260 (1999); *Bottenfield v. Commonwealth*, 25 Va. App. 316, 487

S.E.2d 883 (1997); *Seibert v. Commonwealth*, 22 Va. App. 40, 467 S.E.2d 838 (1996). Although those cases did not discuss *McFadden* directly, it is clear to this Court that a defendant may be charged with both offenses.

Defendant also argues that the indictments charging incest should be dismissed in that incest is a lesser included offense of rape. A lesser included offense is an offense which is composed *entirely* of elements that are also elements of the greater offense. *Lowe v. Commonwealth*, 33 Va. App. 583, 535 S.E.2d 689 (2000). Thus, in order for one crime to be a lesser included offense of another crime, *every commission of the greater offense must also be a commission of the lesser offense. See Sansone v. United States*, 380 U.S. 343 (1963); *Lowe, supra*. An offense is not a "lesser included offense" of another if each offense contains an element that the other does not. *Lowe*, 33 Va. App. at 589-90. The determination of what offenses are lesser included offenses of the crime charged is based on the fundamental nature of the offenses involved, not on the particular facts of a case. *Id.*

Defense counsel cites *Chaine v. Commonwealth*, 17 Va. App. 179, 436 S.E.2d 187 (1993). In *Chaine*, the Virginia Court of Appeals held that the convictions against the defendant of both forcible sodomy and carnal knowledge by parent with a child between ages thirteen and fifteen violated the constitutional protections against *double jeopardy. Id.* at 185-86. The child victim was between ages thirteen and fifteen. The Court analyzed both statutes at issue, § 18.2-67.1(A) and (C), forcible sodomy, and § 18.2-361, carnal knowledge. Under the forcible sodomy statute, any person who sodomizes a child less than thirteen has violated the statute whether that person is the parent or not. *Chaine*, 17 Va. App. at 185. Section 18.2-67.1 requires the additional element of force, threat, or intimidation or the witness' mental incapacity or physical helplessness if the victim is *over* the age of thirteen. Under the carnal knowledge statute, the Court stated that anyone, parent or non-parent, who "carnally knows in any manner any brute animal, or carnally knows any male or female person by the anus or by or with the mouth . . . is guilty of a criminal offense." *Id.* at 185. That same statute contains a *proviso* stating that if a parent commits such an act and the child is at least thirteen but less than fifteen, the person is guilty of a Class 3 felony instead of a Class 6 felony. *Id.*; Virginia Code § 18.2-361. The Court held that the *proviso* in the carnal knowledge statute simply created an enhanced punishment for parents who commit the proscribed act with a defined class of persons, i.e. ages 13 to 15. *Chaine*, 17 Va. App. at 185. The *proviso* did not create an offense that required proof of additional or different elements than the language of the offense before the proviso. *Id.* Further, cunnilingus, fellatio, anallingus, and anal intercourse are considered acts of carnal knowledge as well as acts of

sodomy. *Chaine*, 17 Va. App. at 185. Therefore, the Court concluded that every violation of 18.2-67.1(A), sodomy, also constitutes a violation of 18.2-361, carnal knowledge. For purposes of double jeopardy, the Court found that Chaine suffered multiple punishments for the "same offense" in violation of double jeopardy protections. *Id.* at 185.

The trial court in *Chaine* also dismissed the incest charge, finding that it was subsumed within the rape charge for purposes of double jeopardy. That issue, however, was not on appeal.

In the present case, the charge of rape is based upon the fact that the child was less than thirteen years of age. Virginia Code § 18.2-61(A)(iii). The Commonwealth does not have to prove force. Under the incest statute, the Commonwealth must always prove a familial relationship and there is no requirement that it be non-consensual. Virginia Code § 18.2-366. Lack of consent is always an element of rape. Not every commission of rape is a commission of incest. Therefore, the Court finds that incest is not a lesser included offense of rape.

The Motion to Dismiss Indictments due to multiplicity is also denied at this time. However, the Court reserves the authority to grant such motion in the future should that be necessary. Multiplicity is defined as "the charging of a single offense in several counts." *United States v. Washington*, 188 F.3d 505 (4th Cir. 1999). The Commonwealth has the burden of proof to establish each element of each crime charged in the indictments beyond a reasonable doubt. Generally, "the question of whether the evidence presented in a single trial establishes the existence of [one offense or multiple offenses] is a factual issue for the jury. . . ." *Williams v. Commonwealth*, 12 Va. App. 912, 915, 407 S.E.2d 319, 322 (1991); *see also United States v. Washington*, 188 F.3d 505 (4th Cir. 1999) (unpublished opinion).

In *United States v. Washington*, the defendant tried to argue that certain firearm counts were multiplicitous. 188 F.3d at 505. The multiplicitous counts were later dropped at the sentencing phase; however, defendant argued that he was harmed by the suggestion that he had committed sixteen crimes. The Court stated that "[a] decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the sound discretion of the trial court." *Id.*; *see also United States v. Deloach*, 208 F.3d 210 (4th Cir. 2000) (unpublished opinion) (holding that the decision whether to require the prosecution to elect between multiplicitous counts before trial is within discretion of the trial court). The lower court in *Washington* noted that there was some possibility that certain of the counts would *not* be multiplicitous *if* the Government could show that the defendant possessed the firearms on different occasions. *Id.* Further, if the jury reaches a guilty verdict on more

than one of the multiple counts, *the appropriate remedy is to strike such multiplicitous conviction(s). Id.*, citing *United States v. Luskin*, 926 F.2d 372, 378 (4th Cir. 1991); *United States v. Dyer*, 750 F. Supp. 1278 (E.D. Va. 1990) (concluding that portions of the indictments were not subject to dismissal as multiplicitous since each offer of sale of drug paraphernalia could be separately charged). Further, in *KMA, Inc. v. City of Newport News*, the Court held that a landlord could be charged with thirty-three indictments for violating an ordinance prohibiting presentation of any obscene exhibition or performance thirty-three times. 228 Va. 365, 376-77, 323 S.E.2d 78 (1984). The Court held that because the presentation of each one of a number of obscene motion pictures constituted a separate offense, the defendant could be charged for each presentation. *Id.* Therefore, in the case at bar, if the Commonwealth cannot or does not prove such offense(s) beyond a reasonable doubt, the Court has a duty to strike any inappropriate convictions. However, if the Commonwealth can and does prove each separate offense, then the counts are not multiplicitous.

Defendant's various Motions to Dismiss and Motion to Suppress are hereby denied.