COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Haley
Argued at Chesapeake, Virginia


RICHARD LEE COOK

                                MEMORANDUM OPINION[*] BY
v.       Record No. 2349-04-1           JUDGE ROBERT P. FRANK
                                  NOVEMBER 1, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

Richard C. Kerns for appellant.

Kathleen B. Martin, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Richard Lee Cook, appellant, upon his pleas of guilty, was found guilty of four counts of

forgery and one count of communicating threats to burn. On appeal, he contends that his guilty

pleas were not voluntarily made because the trial court did not specifically advise him of the

appellate consequences of his guilty pleas. For the reasons stated herein, we affirm appellant's

convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ANALYSIS

Appellant contends that because the trial court did not advise him of the appellate consequences of his pleas of guilty,[1] his pleas were not voluntarily and intelligently given.[2] The Commonwealth maintains this argument is defaulted because appellant never questioned the voluntariness of his pleas before the trial court. We agree with the Commonwealth.

Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Under Rule 5A:18, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. See Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). The purpose underlying this rule is to afford the trial court an opportunity to rule intelligently on the arguments presented and to take corrective action if necessary. Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992); Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991). The purpose and terms of the rule therefore are met if the appellant sufficiently apprizes the trial court of the basis of his objection. See Chaine v. Commonwealth, 17 Va. App. 179, 183, 436 S.E.2d 187, 189 (1993), aff'd on reh'g en banc, 18 Va. App. 301, 443 S.E.2d 924 (1994).

---

[1] In a proceeding free of jurisdictional defects, no appeal lies from a punishment fixed by law and imposed upon a defendant who has entered a voluntary and intelligent plea of guilty. Dowell v. Commonwealth, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991), aff'd on reh'g en banc, 14 Va. App. 58, 414 S.E.2d 440 (1992).

[2] We note that appellant did not designate on brief where in the record he preserved this issue for appeal as required by Rule 5A:20(c). However, because we find that the issue was waived, we need not address Rule 5A:20(c).

Appellant never objected to the trial court's acceptance of his guilty pleas either during trial or in post-trial motions. He did not file a motion to withdraw his pleas of guilty as provided by Code § 19.2-296:

> A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

A motion to withdraw a plea of guilty gives the trial court an opportunity to evaluate the accused's explanation of why he did or did not voluntarily and intelligently enter the plea. If appellant filed such a motion, the trial court could have evaluated whether appellant misunderstood the appellate consequences of his pleas.

The record reflects that appellant timely filed his notice of appeal on October 8, 2004, within eight days of his sentencing on September 30, 2004. Clearly, appellant was informed of the appellate consequences of his guilty pleas at that time, which was well within the twenty-one days appellant had to move the trial court to withdraw his guilty pleas. Even if appellant was denied due process by the trial court's failure to advise him of his appellate rights upon entering a guilty plea, appellant had a choice between bringing this issue to the attention of the trial court, while it still retained jurisdiction to set aside appellant's convictions, and raising this issue on appeal. Appellant chose the latter, and in doing so, failed to properly preserve this issue on appeal.

Thus, by not raising these issues below and by not giving the trial court an opportunity to rule, appellant is procedurally barred from raising these issues for the first time on appeal. See Allen v. Commonwealth, 27 Va. App. 726, 501 S.E.2d 441 (1998) (holding that because

appellant did not raise whether his *nolo contendere* plea was voluntary and intelligently given, the issue was not preserved for appeal).

Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). We will not consider such an argument *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).[3]

Thus, we affirm the convictions.

Affirmed.

---

[3] Because we find a procedural default, we do not discuss whether the trial court's failure to advise appellant of his appellate rights constitutes denial of due process.