COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Beales and Chafin
Argued at Richmond, Virginia


HARRY GARFIELD CHADDERTON

v.        Record No. 0827-13-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE TERESA M. CHAFIN
FEBRUARY 11, 2014


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Buford M. Parsons, Jr., Judge Designate

Russell N. Allen for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on briefs), for appellee.


Harry Garfield Chadderton ("Chadderton") was convicted of solicitation of prostitution in

violation of Code § 18.2-346 in the Circuit Court of Henrico County ("circuit court").  On

appeal, Chadderton contends that the evidence presented by the Commonwealth was insufficient

to support his conviction.  Specifically he argues that his statements and offer of forty dollars to

an undercover police officer posing as a prostitute were insufficient to establish that he was

soliciting anilingus.  We disagree, and affirm the circuit court's decision.

I.  BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence establishes that on August 28,

2012, Chadderton approached Detective Wallace ("Wallace"), an undercover detective posing as

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

a prostitute, and stated that he wanted to "lick [her] ass."  Wallace asked Chadderton how much

money he had, and Chadderton responded that he had forty dollars.  Wallace asked Chadderton

to show her the money, and he did.  She then told him that she had a room at a nearby hotel.

Chadderton followed Wallace to her hotel room, where he was arrested by a team of police

officers.  During his encounter with Wallace, Chadderton requested to "lick her ass" twice.  He

admitted to the arresting police officers that he offered Wallace forty dollars in exchange for that

sexual act.

## II.  ANALYSIS

When reviewing the sufficiency of evidence, this Court "must . . . ask whether '*any*

rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt.'"  Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003)

(emphasis in original) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444,

447 (2003) (*en banc*)).  In the present case, Chadderton argues that the Commonwealth failed to

prove that he was soliciting a sexual act listed in Code § 18.2-346, and thus failed to prove an

element of the offense for which he was convicted.  We disagree.

Code § 18.2-346(B) states that "[a]ny person who offers money or its equivalent to

another for the purpose of engaging in sexual acts as enumerated [in subsection A] and thereafter

does any substantial act in furtherance thereof shall be guilty of solicitation of prostitution and

shall be guilty of a Class 1 misdemeanor."  Code § 18.2-346(A) enumerates the following acts:

"adultery, fornication or any act in violation of [Code] § 18.2-361."[1]  Code § 18.2-361(A) is

_____

[1] Recently, the Fourth Circuit held that Code § 18.2-361 was facially unconstitutional in MacDonald v. Moose, 710 F.3d 154 (4th Cir. 2013).  In light of this decision, we requested additional briefing from the parties on the following issues:  "1) Does a decision from the U.S. Court of Appeals for the Fourth Circuit stemming from a federal habeas petition create binding precedent on this Court if that decision holds that a Virginia statute is facially unconstitutional? Specifically, does the decision in MacDonald v. Moose, 710 F.3d 1154 (2013), overturn McDonald v. Commonwealth, 274 Va. 249, 645 S.E.2d 918 (2007), as binding precedent on this

violated if a person "carnally knows any male or female person by the anus or by or with the mouth." The term "carnal knowledge" has been construed to refer to "any sexual bodily connection . . . ." Shull v. Commonwealth, 16 Va. App. 667, 669, 431 S.E.2d 924, 925 (1993). "Cunnilingus, fellatio, *anilingus*, and anal intercourse are acts of carnal knowledge of any male or female person by the anus or by or with the mouth" in violation of Code § 18.2-361(A). Chaine v. Commonwealth, 17 Va. App. 179, 185, 436 S.E.2d 187, 190-91 (1993) (emphasis added), aff'd upon reh'g en banc, 18 Va. App. 301, 443 S.E.2d 924 (1994). Anilingus is defined as "erotic stimulation achieved by contact between [the] mouth and anus." Webster's Third New International Dictionary 85 (1981).

Chadderton claims that his request to "lick [Wallace's] ass" does not constitute a request to perform the prohibited act of anilingus described in Code § 18.2-361(A). A reasonable fact finder, however, could have reached the opposite conclusion. Chadderton approached a woman posing as a prostitute and offered her forty dollars for a sex act involving the licking of her anal region. Although Chadderton did not solicit anilingus by using that specific term, a reasonable fact finder could have concluded that his statements were made for the purpose of engaging in anilingus. "Slang expressions, including vernacular for sexual activity, are well known and matters of common knowledge." Branche v. Commonwealth, 25 Va. App. 480, 491, 489 S.E.2d 692, 697 (1997) (upholding conviction for the solicitation of fellatio based on defendant's use of

---

Court?" and "2) If MacDonald v. Moose, 710 F.3d 1154 (2013), does overturn McDonald v. Commonwealth, 274 Va. 249, 645 S.E.2d 918 (2007), what impact does that have on Code § 18.2-346?" Following our request for additional briefing, this Court addressed the same issues in Saunders v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (Feb. 4, 2014), and concluded that the Fourth Circuit's decision in MacDonald did not create binding precedent on this Court. See also Lockhart v. Fretwell, 506 U.S. 364, 376 (1993) (Thomas, J. concurring) ("[N]either federal supremacy nor any other principle of federal law requires that a state court's interpretation of federal law give way to a (lower) federal court's interpretation."); Anderson v. Commonwealth, 48 Va. App. 704, 712-13 n.2, 634 S.E.2d 372, 376 n.2 (2006) ("Only decisions of the United States Supreme Court can supersede binding precedent from the Virginia Supreme Court.").

the term "blowing"). "'It would be completely unrealistic to require . . . [the description of] the acts constituting the commission of crimes in statutory or technical language in order to prove the commission of such acts.'" Id. (quoting Anderson v. State, 235 S.E.2d 675, 676-77 (Ga. Ct. App. 1977)).

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of soliciting a prostitute in violation of Code § 18.2-346. Accordingly, the judgment of the circuit court is affirmed.

                                                                                                    Affirmed.